826 P.2d 1306

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Marvin Earl KENNER, Defendant–Appellant.**

No. 19354.

Supreme Court of Idaho, Boise, November 1991 Term.

Feb. 26, 1992.

Byington, Holloway, Whipple & Jones, Chtd., Burley, for defendant-appellant. E.W. (Skip) Carter, argued.

Larry J. EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen. (argued), Boise, for plaintiff-respondent.

JOHNSON, Justice.

This is a criminal case. The primary issue we consider is whether the trial court violated the defendant's privilege against self-incrimination by inquiring in the presence of the jury whether the defendant wished to testify. We hold that this did not violate the fifth amendment, because it was not an adverse comment regarding the defendant's failure to testify. The appellant did not preserve the other issues raised on appeal by presenting them to the magistrate judge before appealing to the district judge.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

The state charged Marvin Earl Kenner with the misdemeanor of operating as a used car dealer without a license. The clerk of the district court assigned this case number CM 88-4-386. The state also charged Kenner with two felony counts of attempting to sell a motor vehicle without delivering a certificate of title. The clerk of the district court assigned this case number CM 88-4-387.

In case number CM 88-4-387, Kenner waived a preliminary hearing and was bound over on the felony charges. In a pretrial conference before the magistrate judge in case number CM 88-4-386, Kenner, who was representing himself, stated that he had asked the prosecutor to arrange to try all three of the charges at one time in order to save time and expense.

Later, the state moved to amend the felony charges to charge two misdemeanors and to have these misdemeanor charges remanded to the magistrate division for trial. The district judge granted the motion. The amended complaint charging these two misdemeanors was designated as case number CM 88-4-386, apparently by the office of the prosecuting attorney when the amended pleading was prepared.

Without objection, the magistrate judge conducted a trial on all three misdemeanors. The jury convicted Kenner of one count of failing to deliver a certificate of

title upon sale or disposition of a motor vehicle and the charge of operating as a used car dealer without a license. Kenner appealed these convictions to the district judge. In the appeal to the district judge, Kenner raised for the first time the issues he now presents to this Court. The district judge heard the appeal on the record and affirmed the convictions. Kenner then appealed to this Court. We assigned the case to the Court of Appeals, which also affirmed. On Kenner's petition, we granted review.

## II.

NONE OF THE ISSUES PRESENTED ON APPEAL WERE PRESERVED IN THE TRIAL COURT, BUT ONE OF THE ISSUES RAISES A QUESTION OF FUNDAMENTAL ERROR.

■ As the first issue raised before this Court, Kenner asserts that he was not given adequate notice of the charge of operating as a used vehicle dealer without a license, because the state did not re-allege this charge in its amended complaint. Kenner did not object to being tried on the three charges, and raised this issue for the first time on appeal to the district judge.

■ As the second issue raised before this Court, Kenner asserts that he was deprived of his constitutional right to a fair trial because the magistrate judge was biased or prejudiced against him. Kenner did not move to have the magistrate judge disqualify himself and raised this issue for the first time on appeal to the district judge.

As the third issue raised before this Court, Kenner asserts that his privilege against self-incrimination protected under the fifth amendment to the United States Constitution was violated when the magistrate judge stated to Kenner during the trial, in the presence of the jury: "Do you wish to testify? You have a right to and right not to." Kenner did not object to the statement of the magistrate judge or request a mistrial and raised this issue for the first time on appeal to the district judge.

In *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991), we said: "The longstanding rule of this Court is that we will not consider issues that are presented for the first time on appeal." All of the issues presented to us by Kenner were raised for the first time on appeal to the district judge, and the district judge addressed the issues in affirming the convictions. This distinguishes the present case from *Sanchez*, where the appellant did not raise the issue in appealing a decision of a magistrate judge to a district judge, nor did the district judge address the issue. *Id.* at 321–22, 815 P.2d at 1061–62. We do not consider this distinction to affect the applicability of the rule we reiterated in *Sanchez*.

The legislature has prescribed the role of a district judge when a case is appealed from a final judgment of a magistrate judge:

> (1) Appeals from final judgments of the magistrate's division shall be taken and heard in the manner prescribed by law or rule.

> (2) Unless otherwise provided by law or rule, a district court judge shall review the case on the record on appeal and affirm, reverse, remand, or modify the judgment; provided, that the district judge in [the district judge's] discretion, may remand the case for a new trial with such instructions as [the district judge] may deem necessary or [the district judge] may direct that the case be tried de novo before [the district judge].

I.C. § 1–2213.

I.C.R. 54.2 provides: "All appeals from the magistrate's division shall be heard by the district court as an appellate proceeding unless the district court orders a trial de novo."

■ When a district judge considers an appeal from a magistrate judge as an appellate proceeding, rather than exercising the option of granting a trial de novo, the district judge is acting as an appellate court, not as a trial court. *Hawkins v. Hawkins*, 99 Idaho 785, 788–89, 589 P.2d 532, 535–36 (1978); *In re Estate of Stibor*,

96 Idaho 162, 163, 525 P.2d 357, 358 (1974). In an appeal from a final judgment of a magistrate judge following an appeal to a district judge sitting as an appellate court, we review the record of the magistrate judge independently of the decision of the district judge. *Robinson v. Joint School Dist. No. 331 Minidoka*, 105 Idaho 487, 490, 670 P.2d 894, 897 (1983). Therefore, we will not consider issues that were presented on appeal to the district judge, unless we would have considered those issues where the initial appeal was to this Court.

■ We will consider fundamental error in a criminal case, even though no objection was made at trial. *State v. Bingham*, 116 Idaho 415, 423, 776 P.2d 424, 432 (1989). In order to determine whether we will consider an issue presented on appeal that was not presented to the trial court, we first must assess whether the error would be fundamental if there were error. The issue in *Bingham* involved the discretion of the trial court to admit expert opinion. To determine whether we would consider the issue that had not been preserved in the trial court, we said:

> Even if we were to conclude that the trial court had abused its discretion in admitting [the expert's] opinion, that abuse would not constitute fundamental error. An abuse of discretion in admitting evidence is a trial error and does not go to the foundation of the case or take from the defendant a right which was essential to his defense.

*Id.*

■ In this case, the first issue raised by Kenner on appeal does not involve fundamental error. The designation of the amended complaint containing the two misdemeanor counts as being in case number CM 88-4-386 was only a clerical mistake that was subject to correction at any time pursuant to I.C.R. 36 ("Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."). The record discloses that the trial court did correct the designation of the cases in the judgment and order following the verdict to reference both case number CM 88-4-386 and CM 88-4-387. Kenner himself thereafter referred to the two case numbers in pleadings prepared by him. These circumstances together with his request that the three charges be tried together indicate there was no fundamental error.

■ The same is true of the second issue raised by Kenner on appeal. Even if Kenner had requested that the magistrate judge disqualify himself, disqualification would have been within the magistrate judge's sound discretion. *Sivak v. State*, 112 Idaho 197, 206, 731 P.2d 192, 198 (1986). As we said in *Bingham*, an abuse of discretion by a trial court would not constitute fundamental error. 116 Idaho at 423, 776 P.2d at 432.

■ The third issue raised by Kenner on appeal, however, presents a different question. If the trial court had violated Kenner's privilege against self-incrimination, it would have been a fundamental error. An error that goes to the foundation or basis of a defendant's rights is a fundamental error. *Smith v. State*, 94 Idaho 469, 475 n. 13, 491 P.2d 733, 739 n. 13 (1971). Therefore, we will consider Kenner's assertion that the trial court violated his privilege against self-incrimination, even though Kenner did not raise this issue before the trial court.

### III.

### THE TRIAL COURT DID NOT VIOLATE KENNER'S PRIVILEGE AGAINST SELF-INCRIMINATION.

■ In *Redfield v. United States*, 315 F.2d 76 (9th Cir.1963) the Ninth Circuit Court of Appeals considered a somewhat similar situation to the one presented in this case. While Redfield was acting as his own counsel, the trial court stated in the presence of the jury that Redfield was entitled to take the witness stand. *Id.* at 79. In analyzing the constitutional significance of this statement, the ninth circuit stated:

The privilege against self-incrimination not only forbids employment of judicial process to require a defendant to testify, but also forbids the court or the prosecution from placing the defendant in a position where he must testify in order to avoid an adverse inference on the part of the jury.

Accordingly, the right may be violated by an official statement in the presence of the jury that the defendant is entitled to testify.

*Id.* at 80 (citation omitted).

In *Redfield,* the ninth circuit rejected the defendant's claim that the trial court had violated his privilege against self-incrimination on the ground that Redfield had waived the privilege by persistently testifying, though not under oath, throughout his trial. *Id.*

Just two years after *Redfield,* the United States Supreme Court decided *Griffin v. State of California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, *reh'g denied,* 381 U.S. 957, 85 S.Ct. 1797, 14 L.Ed.2d 730 (1965). In *Griffin,* the Supreme Court reversed the conviction because the trial court commented on the defendant's failure to testify. In doing so, the Supreme Court held:

> [T]he Fifth Amendment, in its direct application to the Federal Government and in its bearing on the States by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt.

380 U.S. at 615, 85 S.Ct. at 1233, 14 L.Ed.2d at 110.

In *State v. Ybarra,* 102 Idaho 573, 634 P.2d 435 (1981), this Court applied the holding in *Griffin,* limiting the prohibition against commenting on the defendant's failure to testify to circumstances where there is "adverse comment" on the failure. *Id.* at 580, 634 P.2d at 442. In *Ybarra,* the Court held that the prosecutor did not impinge on the defendant's privilege against self-incrimination when the prosecutor queried prospective jurors:

> "Regarding this reasonable doubt— would you agree with me that the mere fact that a defendant may take the stand and deny his guilt does not in and of itself create a reasonable doubt.
>
> "Would the mere fact that the defendant may take the stand and deny the allegation against him, would that in and of itself constitute a reasonable doubt in your mind?
>
> "Concerning the question of the possible denials of the defendant of the allegations against him, does that in and of itself—do you think would constitute a reasonable doubt to you?"

*Id.* at 579–80, 634 P.2d at 441–42.

Examining the trial court's question and statement to Kenner in light of *Griffin* and *Ybarra* convinces us that there was no violation of Kenner's privilege against self-incrimination. As Kenner concluded the presentation of evidence in his defense against the charges, the trial court offered Kenner the opportunity to have a recess to locate two other witnesses that Kenner had intended to call. The colloquy between Kenner and the trial court continued:

> MR. KENNER: I don't want to hold this Court and jury up. Let's get on with the case.
>
> THE COURT: Who do you want to call next?
>
> MR. KENNER: Those were my two witnesses, sir.
>
> THE COURT: Do you wish to testify? You have a right to and right not to.
>
> MR. KENNER: I don't believe I need to take the stand in my own defense. I'll sum it up in my closing statements, sir.

The trial court made no adverse comment on Kenner's choice not to testify and, therefore, did not violate his privilege not to incriminate himself.

## IV.

## CONCLUSION.

We affirm Kenner's convictions.

BAKES, C.J., and BOYLE and McDEVITT, JJ., concur.

BISTLINE, Justice, specially concurring.

It seems to this Justice that the better practice is to insulate the jury from any discussion regarding the defendant's decision whether to testify. No one can know what effect, if any, the court's question and comment to Mr. Kenner had on the jury. However, it could be said with absolute assurance that there was no adverse effect if the court had taken the short recess it previously offered to Mr. Kenner and spoken to him outside the presence of the jury. A sidebar would have worked as well, provided that the court and parties spoke softly enough to remain out of the jury's hearing.

If the court had made that short investment of time, we would now be absolutely sure that Mr. Kenner suffered no prejudice. Further, that time spent could very well have reaped a great savings of time for the two appellate courts which have subsequently reviewed this case.