875 P.2d 227

STATE of Idaho, Plaintiff–Respondent,

v.

Cristobal S. SARABIA, Defendant–
Appellant.

STATE of Idaho, Plaintiff–Respondent,

v.

Terry HOADLEY, Defendant–Appellant.

STATE of Idaho, Plaintiff–Respondent,

v.

Martin Barbosa PEREZ, Defendant–
Appellant.

Nos. 20440, 20576 and 20583.

Supreme Court of Idaho,
Twin Falls, March 1994 Term.

June 3, 1994.

**816**

Whittier, McDougall, Souza, Murray & Clark, Chartered, Pocatello, for appellants. Robert C. Naftz, argued.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., argued, Boise, for respondent.

JOHNSON, Justice.

These are drug trafficking cases that have been consolidated on appeal. The primary issue presented is the constitutionality and enforceability of the portion of I.C. § 37–2732B (the drug trafficking statute) that provides minimum fixed terms of imprisonment from which the trial court may deviate only upon motion of the prosecuting attorney. We conclude that these fixed terms are not authorized by art. 5, § 13 of the Idaho Constitution, and, therefore, invade the inherent authority of the court and are unconstitutional, null, void, and unenforceable.

### I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

Martin Barbosa Perez, Terry Hoadley, and Cristobal S. Sarabia were each convicted and sentenced for separate violations of the drug trafficking statute.

The trial court sentenced Perez to a fixed term of seven years, followed by an indeterminate term of thirteen years, and ordered him to pay a fine of $10,000.

The trial court sentenced Hoadley to a fixed term of three years, followed by an indeterminate term of two years, and ordered him to pay a fine of $10,000.

The trial court sentenced Sarabia to a fixed term of five years.

In the trial court, Perez, Hoadley, and Sarabia each challenged the constitutionality of the fixed terms of their sentences. Perez also challenged the reasonableness of his sentence. The trial court denied all these challenges.

In the trial court, neither Perez nor Hoadley challenged the constitutionality of the fines imposed on them.

All three appealed their sentences, raising the issue of the constitutionality of the fixed terms provided for in the drug trafficking statute. Perez also challenges the reasonableness of his sentence. Perez and Hoadley contend that the fines the trial court ordered them to pay pursuant to the drug trafficking statute are unconstitutional.

### II.

### THE FIXED TERM SENTENCES PROVIDED IN THE DRUG TRAFFICKING STATUTE ARE NOT "MANDATORY MINIMUM" SENTENCES WITHIN THE SCOPE OF ART. 5, § 13 OF THE IDAHO CONSTITUTION, AND, THEREFORE, INVADE THE INHERENT POWER OF THE COURT AND ARE UNCONSTITUTIONAL, NULL, VOID, AND UNENFORCEABLE.

■ Perez, Hoadley, and Sarabia assert that the fixed term sentences provided in the drug trafficking statute violate the separation of powers doctrine by taking away the inherent power of the sentencing judge to impose a lesser sentence or to suspend a portion of the fixed sentence. We agree, but do not apply this holding to Perez because he received a fixed sentence in excess of the fixed sentence provided for his crime pursuant to the drug trafficking statute.

In *State v. McCoy*, 94 Idaho 236, 486 P.2d 247 (1971), the Court considered a criminal statute that required a person convicted under the statute to serve at least ten days in jail as a mandatory sentence, which could not be changed by the exercise of judicial discretion. In ruling this portion of the statute "unconstitutional and therefore null, void and

unenforceable," *Id.* at 241, 486 P.2d at 252, the Court said:

The constitution provides that the judiciary is a department separate from the others and that the " * * * legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a coordinate department of the government * * *" ...
[W]e perceive that the authority possessed by the courts to sentence necessarily includes the power to suspend the whole or any part of that sentence in proper cases and this is more than a bare rule of substantive law subject to change by the legislature. Rather, it is in the nature of an inherent right of the judicial department and one which the separation of powers concept in our system of government places above and beyond the rule of mandatory action imposed by legislative fiat.

*Id.* at 240, 486 P.2d at 251.

At the time the Court decided *McCoy*, art. 5, § 13 of the Idaho Constitution provided:

The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a coordinate department of the government; but the legislature shall provide a proper system of appeals, and regulate by law, when necessary, the methods of proceeding in the exercise of their powers of all the courts below the Supreme Court, so far as the same may be done without conflict with this Constitution.

In 1978, the legislature proposed and the people ratified an amendment to this section adding the following provision:

provided, however, that the legislature can provide mandatory minimum sentences for any crimes, and any sentence imposed shall be not less than the mandatory minimum sentence so provided. Any mandatory minimum sentence so imposed shall not be reduced.

1978 Idaho Sess.Laws, H.J.R. No. 6, as amended, 1032-33.

The drug trafficking statute includes the following provision:

Upon motion of the prosecuting attorney, the court shall have the authority to impose a sentence below the mandatory minimum level upon any person who is convicted of a violation of the provisions of this section and who provides substantial assistance in the identification, arrest and prosecution of any of [the person's] accomplices, accessories, coconspirators, principals, sources of supply, or of any other person involved in dealing in a controlled substance in violation of the provisions of this section or section 37-2732, Idaho Code. The investigating agency shall be given an opportunity to be heard in aggravation or mitigation in reference to any such motion. Upon good cause shown, the state's motion may be filed and heard in camera. The judge hearing the state's motion may reduce or suspend the sentence if [the judge] finds that the defendant has rendered substantial assistance. The provisions of this section shall not be construed as creating a right for a person to provide assistance to law enforcement.

I.C. § 37-2732B(a)(8).

Because of the provisions of I.C. § 37-2732B(a)(8), the fixed term sentences contained in the drug trafficking statute are not mandatory minimum sentences authorized in the 1978 amendment to art. 5, § 13 of the Idaho Constitution. Art. 5, § 13, as amended, states: "Any mandatory minimum sentence so imposed shall not be reduced." I.C. § 37-2732B(a)(8) allows the judge hearing the state's motion to reduce or suspend a fixed term sentence provided elsewhere in the drug trafficking statute, if the judge finds that the defendant has rendered substantial assistance. This hybrid form of fixed term sentence is not authorized by art. 5, § 13, and is, therefore, unconstitutional, null, void, and unenforceable under *McCoy*.

Because the fixed term sentences provided in I.C. § 37-2732B do not fall within the specific limitation on inherent judicial power specified in the 1978 amendment to art. 5, § 13, the trial courts are free to exercise their inherent power to impose the fixed term sentences they consider appropriate.

Because Perez received a fixed term sentence longer than the fixed term sentence provided in the drug trafficking statute, he is

not in a position to challenge any violation of the trial court's inherent power to impose an appropriate sentence.

## III.

### PEREZ AND HOADLEY DID NOT PRESERVE FOR APPEAL A CHALLENGE TO THE CONSTITUTIONALITY OF THE FINES, AND THE ERROR, IF ANY, IS NOT FUNDAMENTAL.

■ Perez and Hoadley assert that the mandatory fines imposed on them by the trial court pursuant to the drug trafficking statute violate the Idaho Constitution. Because Perez and Hoadley did not present this challenge to the trial court we will not consider the issue unless it is fundamental error. *State v. Knowlton*, 123 Idaho 916, 918, 854 P.2d 259, 261 (1993).

In *Knowlton*, the Court restated the definition of fundamental error:

Error that is fundamental must be such error as goes to the foundation or basis of a defendant's rights or must go to the foundation of the case or take from the defendant a right which was essential to his defense and which no court could or ought to permit him to waive. Each case will of necessity, under such a rule, stand on its own merits. Out of the facts in each case will arise the law.

*Id.* (quoting *State v. Bingham*, 116 Idaho 415, 423, 776 P.2d 424, 432 (1989)).

■ The decisions of the Court examining the parameters of the fundamental error rule have not considered whether an asserted error in sentencing constitutes fundamental error.

In *State v. Haggard*, 94 Idaho 249, 486 P.2d 260 (1971), the Court first formulated the doctrine of fundamental error. In *Haggard*, the Court focused on "the obligation of the state to see that defendant receive a fair trial" and ruled that it was fundamental error for the prosecuting attorney to cross-examine the defendant regarding his failure to testify at the preliminary hearing. *Id.* at 251, 486 P.2d at 262.

In *Smith v. State*, 94 Idaho 469, 491 P.2d 733 (1971) *overruled on other grounds by Rodriguez v. State*, 122 Idaho 20, 22, & n. 1, 830 P.2d 531, 533, & n. 1 (1992), the Court noted that "a fundamental error would be where, for example, a felony offense is tried by a court with jurisdiction to try only misdemeanors." *Id.* at 475 n. 13, 491 P.2d at 739 n. 13.

In *State v. White*, 97 Idaho 708, 551 P.2d 1344 (1976) *cert. denied*, 429 U.S. 842, 97 S.Ct. 118, 50 L.Ed.2d 111 (1976), the Court said it was fundamental error for the prosecutor to use the defendant's post-arrest and pre-trial silence to raise an inference of guilt against him and to impeach his credibility. *Id.* at 713, 714 n. 8, 551 P.2d at 1349, 1350 n. 8.

In *State v. Lankford*, 113 Idaho 688, 747 P.2d 710 (1987) *overruled on other grounds by Lankford v. Idaho*, 500 U.S. 110, 111 S.Ct. 1723, 114 L.Ed.2d 173 (1991), the Court ruled that it was not fundamental error for the trial court: (1) not to question jurors regarding the adverse effect of pretrial publicity, and (2) to allow uniformed sheriff's deputies to sit in the courtroom with the defendant. *Id.* at 693, 747 P.2d at 715.

In *State v. Bingham*, 116 Idaho 415, 776 P.2d 424 (1989) *overruled on other grounds recognized by State v. Pizzuto*, 119 Idaho 742, 775, 810 P.2d 680, 713 (1991), the Court ruled that the trial court's allowing a physician to testify concerning the medical condition of the alleged victim was not fundamental error. *Id.* at 423, 776 P.2d at 432.

In *State v. Kenner*, 121 Idaho 594, 826 P.2d 1306 (1992), the Court ruled that violation of a defendant's privilege against self-incrimination is fundamental error, but that failure of a judge to disqualify herself and inadequacies in the complaint are not. *Id.* at 596–97, 826 P.2d at 1308–09.

In *Knowlton*, the Court ruled that it is not fundamental error for a judge not to withdraw from cases which merely tangentially relate to the judge's participation in an organization or committee. 123 Idaho at 918–20, 854 P.2d at 261–63.

With the definition of fundamental error and with these decisions in mind, we examine the error asserted by Perez and Hoadley concerning the fines the trial court imposed on them to see if it would be fundamental error, if it were error. *Kenner*, 121 Idaho at 597, 826 P.2d at 1309.

Perez and Hoadley first invoke art. 1, § 6 of the Idaho Constitution in support of their challenge to the mandatory fines required by the drug trafficking statute. Art. 1, § 6 includes the provision that "excess fines" shall not be imposed. Perez and Hoadley also challenge the fines as invading the inherent power of the court and therefore violating art. 5, § 13. They argue that imposition of a mandatory fine is not a mandatory minimum sentence authorized by the 1978 amendment to art. 5, § 13.

These are both intriguing questions, but do not fall under the fundamental error rule. The imposition of the fines did not take from these defendants a right which was essential to their defense. Neither do the fines go to the foundation or basis of Perez's or Hoadley's rights or the foundation of the case. The imposition of fines by its very nature comes only after conviction. Therefore, none of the Court's concern about the defendant's right to a fair trial expressed in many of the decisions summarized above apply to an issue concerning allegedly unconstitutional fines. This is not to say that there are not issues that might be raised concerning other aspects of the sentencing process that would be fundamental error. We leave the examination of these issues to future cases.

■ Also, we note that pursuant to I.C.R. 35 the trial court may correct an illegal sentence at any time. *Cf. State v. Howard*, 122 Idaho 9, 10, 830 P.2d 520, 521 (1992); *State v. Martin*, 119 Idaho 577, 579, 808 P.2d 1322, 1324 (1991).

## IV.

### PEREZ'S SENTENCE WAS NOT UNREASONABLE.

■ Perez asserts that the trial court abused its discretion in sentencing him to concurrent terms of imprisonment, which collectively require him to serve at least seven years without the opportunity for parole, followed by an indeterminate term of thirteen years. We disagree.

Using the fixed term of seven years as the term of confinement for purposes of appellate review, we must determine whether, without substituting our view for that of the trial court where reasonable minds might differ, the sentence was excessive under any reasonable view of the facts, considering: (1) the protection of society, (2) deterrence of Perez and others, (3) the possibility of Perez's rehabilitation, and (4) punishment or retribution for Perez. *State v. Follinus*, 124 Idaho 26, 30, 855 P.2d 863, 867 (1993).

In imposing sentence on Perez, the trial court explained:

Mr. Perez, this is your third time that you've been before a district court for committing a felony involving the trafficking of cocaine. Now, . . . if that isn't enough for this Court to exercise a certain amount of righteous indignation about your situation, I don't know what is.

The reality is that you obviously are not learning lessons. You were given every opportunity in terms of probation, retained jurisdiction. Your probation officer worked with you. None of this apparently had any effect; and it seemed rather than perhaps diminishing your criminal conduct, you simply became more and more ingrained and enveloped in the drug culture and became more deeply involved in drug trafficking. That is what concerns this Court, and that is what motivates my sentence.

It is absolutely clear that . . . something must be done to protect society in this case, that nothing short of hard incarceration is going to restrain you from involving yourself in drug sales and trafficking. Nothing is going to deter you except for an extended period of incarceration.

I think given those circumstances and, in addition, I think the right of society to simply punish those individuals who inflict this hazard upon our children and upon our young people, it's time for society to speak out and make a statement in a case of this sort.

**820**

We conclude that reasonable minds might differ whether seven years, or some lesser fixed term, is necessary to fulfill the objectives of sentencing. Therefore, we conclude that Perez's sentence is not unreasonable.

### V.

### CONCLUSION.

We affirm Perez's sentence.

We vacate the fixed terms the trial courts imposed on Hoadley and Sarabia, and remand their cases for resentencing.

We do not address the question of the constitutionality of the fines imposed on Perez and Hoadley.

McDEVITT, C.J., and BISTLINE, SILAK and TROUT, JJ., concur.