936 P.2d 1327

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Tracy MORRISON, aka Tracy Curtis, Defendant–Appellant.**

No. 22761.

Supreme Court of Idaho,
Twin Falls, March 1997 Term.

May 1, 1997.

Randall D. Schulthies, Pocatello, for defendant–appellant.

Alan G. Lance, Attorney General; L. La Mont Anderson, Deputy Attorney General, Boise, for plaintiff–respondent.

JOHNSON, Justice.

This is a criminal case. We conclude that the defendant waived any objection to the assignment of a magistrate judge to preside in a felony case. We also conclude that testimony to which the defendant objected was not hearsay and that the trial court did not abuse its discretion in sentencing the defendant.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

Tracy Morrison, also known as Tracy Curtis, (Morrison) was charged with aggravated battery by using force or violence upon another person (the victim) by firing a shotgun. A separate charge sought a sentence enhancement against Morrison pursuant to I.C. § 19-2520 for the use of a firearm in the commission of the aggravated battery.

Pursuant to I.C.R. 25(a), Morrison disqualified the district judge assigned to the case. On August 24, 1995, this Court issued an order (the order) assigning a retired magistrate judge (the magistrate judge) to "determine and dispose of all District Court criminal and civil matters in the Sixth Judicial District, which may be assigned to him by the Administrative District Judge, Commencing August 28, 1995." The order also stated that the district court clerk "shall file and serve this order upon the parties or their counsel in any cases assigned to" the magistrate judge.

On November 7, 1995, the administrative district judge for the sixth judicial district assigned Morrison's case to the magistrate judge. The district court clerk did not file the order in Morrison's file or serve a copy on Morrison's counsel. Prior to this appeal, however, Morrison never objected to the assignment of the magistrate judge to his case.

In a jury trial, the victim testified as follows: The victim met Morrison at a party and there was a confrontation. The victim eventually left the party with some friends. They dropped one individual off at his home and then went to another party. As they approached the house, one of the victim's friends yelled something at some people on the balcony. The victim and his friends turned around and started walking away. The victim heard a bang, turned around, and was hit in the face with birdshot from a shotgun. His friends took him to the hospital.

Morrison asserted that he was acting in self-defense or defense of others. During the testimony of a law enforcement officer (the officer) at the trial, the following dialogue occurred:

[The prosecutor]: Okay. Were you aware of whether or not the victim had any weapons?

A. No, I was not.

Q. No, you were not aware of any?

A. I could not see any on him. He—his shirt was off when I saw him.

Q. Would you have been told by the hospital staff if he had weapons with him?

A. Yes.

[Morrison's attorney]: I'm going to object, Your Honor. Assumes facts not in evidence.

[The prosecutor]: I can ask another question.

Court: Please do.

[The prosecutor]: Officer, did any hospital staff tell you that the victim had weapons?

[Morrison's attorney]: Objection, Your Honor. It's hearsay.

COURT: For what purposes are you eliciting an answer to that question?

[The prosecutor]: Well, I'm offering it just to show that the victim in fact did not have any weapons.

COURT: The objection is sustained. Rephrase your question.

[The prosecutor]: Did the hospital staff at all approach you with any, any information regarding the victim or his involvement in the shooting?

[Morrison's attorney]: Same objection, Your Honor.

COURT: Well, the objection is going to be temporarily overruled. He may answer, if he is able to answer.

WITNESS: Would you restate the question.

[The prosecutor]: If I can, yes. Did any member of the hospital staff that was treating the victim contact you regarding the victim's possible involvement in the shooting?

A. No, they did not.

The jury found Morrison guilty of aggravated battery. Morrison admitted he was guilty of the gun enhancement and received a unified sentence of fifteen years with a fixed term of five years. Morrison appealed.

## II.

## MORRISON WAIVED ANY OBJECTION TO THE ASSIGNMENT OF THE MAGISTRATE JUDGE.

■ Morrison asserts that the proper procedures were not followed to confer jurisdiction on the magistrate judge to preside in Morrison's case. We do not address this issue because Morrison waived it by not challenging the magistrate judge's jurisdiction in the trial court.

I.C.R. 2.2(d) provides:

**Objection to assignment to magistrates.** Any irregularity in the method or scope of assignment of a criminal proceeding or action to any magistrate under this Rule 2.2 and sections 1–2208 and 1–2210, Idaho Code, and all objections to the propriety of an assignment to a magistrate are waived unless a written objection is filed not later than 7 days after a notice setting the action for trial, pre-trial or hearing on a contested motion and before any contested matter has been submitted to the judge for decision. No order or judgment is void or subject to collateral attack merely because rendered pursuant to an improper assignment to a magistrate.

Morrison concedes that pursuant to this rule, failure to timely object results in waiver. *See State v. Smith,* 117 Idaho 891, 792 P.2d 916 (1990). Morrison contends, however, that waiver cannot apply in this case because he was not on notice that the magistrate judge was a retired magistrate judge and, thus, he had no reason to object. This

is not a basis for avoiding the waiver provided for in I.C.R. 2.2(d). Morrison and his attorney had the responsibility to determine the identity of the judge assigned to the case and to challenge the judge's jurisdiction to preside if there was any basis for a challenge. The magistrate judge had been an active magistrate judge in the sixth judicial district for several years before his retirement in 1993. 110 Idaho IX (1986) (listing the magistrate judge as a judge of the magistrate division of the sixth judicial district) and 124 Idaho XII n. 5 (1993) (noting the retirement of the magistrate judge).

## III.

## THE TRIAL COURT DID NOT ALLOW IMPERMISSIBLE HEARSAY.

■ Morrison asserts that the trial court allowed impermissible hearsay by allowing the officer to testify that no member of the hospital staff that was treating the victim contacted the officer regarding the victim's possible involvement in the shooting. We disagree.

I.R.E. 801(c) states that hearsay "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." The definition of "statement" includes "nonverbal conduct of a person, if it is intended by the person as an assertion." I.R.E. 801(a).

In the present case, the initial question posed by the prosecutor asked the officer what the officer had been told by hospital staff. The answer sought by this question would have been hearsay, and the trial court properly sustained the objection. The prosecutor rephrased the question and asked whether the officer had been contacted by the hospital staff regarding the victim's possible involvement. The officer responded that the hospital staff did not. This question did not call for oral or written statements by the hospital staff. Therefore, in order to fall within the definition of hearsay, the fact that the hospital staff did not contact the officer concerning the victim's possible involvement in the incident must be considered nonverbal conduct of the hospital staff intended by the

staff as an assertion. I.R.E. 801(a). There is no basis in the record to support a conclusion that the hospital staff intended their failure to contact the officer was an assertion regarding the victim's involvement. Therefore, the officer's testimony is not hearsay under I.R.E. 801.

## IV.

### THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN IMPOSING SENTENCE ON MORRISON.

 Morrison asserts that the trial court abused its discretion in imposing a fifteen year unified sentence with a fixed term of five years. We disagree.

The maximum sentence for the crime to which Morrison was found guilty, including the enhancement for using a firearm, is thirty years. I.C. §§ 18–908, 19–2520. Therefore, Morrison has the burden of showing a clear abuse of discretion by the trial court in sentencing him. *State v. Cotton,* 100 Idaho 573, 577, 602 P.2d 71, 75 (1979).

The record reveals that Morrison has a significant criminal record. In 1989, he served six months on a destruction of property charge in Nevada and was placed on probation. In 1991, he was convicted of injury to property. His prior probation was subsequently revoked and he served 129 days in jail. In December 1991, he was charged with five counts of destruction of property and subsequently pled guilty to one count. In August 1992, he was convicted of shoplifting. Shortly thereafter, he committed his first felony—grand larceny, for which he served eight months incarceration. In 1994, he was convicted of inflicting corporal injury on a cohabitant.

In addition, another charge alleging a stabbing by Morrison was originally brought against Morrison in the present case, but was dismissed pursuant to a plea agreement with Morrison agreeing to pay restitution to the stabbing victim.

We conclude that, without substituting our view for that of the trial court, reasonable minds might differ whether the sentence imposed on Morrison was excessive under any reasonable view of the facts, considering: (1) the protection of society, (2) deterrence of Morrison and others, (3) the possibility of Morrison's rehabilitation, and (4) punishment or retribution for Morrison. *State v. Sarabia,* 125 Idaho 815, 819, 875 P.2d 227, 231 (1994). Therefore, the sentence was not unreasonable, and the trial court did not abuse its discretion in sentencing Morrison.

## V.

### CONCLUSION

We affirm the conviction and sentence.

TROUT, C.J., and McDEVITT, SILAK and SCHROEDER, JJ., concur.