942 P.2d 564

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Kelly P. MYERS, Defendant–Appellant.**

**No. 22650.**

Court of Appeals of Idaho.

July 7, 1997.

E.R. Frachiseur, Elmore County Public Defender; Larry D. Purviance, Deputy Public Defender, Mountain Home, for appellant. Larry D. Purviance argued.

Alan G. Lance, Attorney General; Kenneth M. Robins, Deputy Attorney General, Boise, for respondent. Kenneth M. Robins, argued.

WALTERS, Chief Judge.

On appeal, Kelly P. Myers asserts that the magistrate erred in denying his motion to suppress evidence obtained from a search of his mobile home which took place while local police were executing a civil writ of possession. The "writ of possession"[1] had been issued in an unlawful detainer action brought by Myers' landlord to regain possession of the mobile home because of unpaid rent. After considering Myers' claims of error, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a writ of possession issued by a magistrate in Elmore County, Sheriff Rick Layher and Detective Greg Berry, of the Mountain Home Police Department, went to Myers' rented mobile home for the purpose of removing Myers and his possessions from the residence. After arriving, the sheriff knocked on the door, but he received no response. Layher and Berry were then informed by neighbors that no one had been living in the residence for quite some time. Sheriff Layher knocked on the door again. After discovering that the front door was unlocked, the sheriff and the detective entered the home to determine whether Myers was living in the residence. Initially, the officers believed that Myers had abandoned the home, leaving behind some of his personal belongings. As the officers walked through the home, they found a small baggie, containing a green leafy substance, on top of a television in a back bedroom. In a second bedroom, the officers discovered drug paraphernalia lying against the wall, and a second baggie, which contained numerous seeds, lying on top of another television. The substances in both of the baggies was marijuana. The contraband was not seized at this point.

Sheriff Layher and Detective Berry left the residence to discuss the situation with a local deputy prosecuting attorney. The deputy prosecuting attorney contacted the lawyer who was representing Myers' landlord, and it was determined that because the police had a legal right to be in the mobile home by virtue of the writ of possession, the evidence discovered could be seized. The sheriff and the detective then returned to Myers' residence. According to the record, the police were able to contact Myers indirectly to inform him that he needed to return to his mobile home to remove his personal belongings so the officers could turn possession of the premises over to the landlord pursuant to the civil writ.

When Myers arrived at the home, he found the police photographing the drug parapher-

1. This document was not a writ issued pursuant to Idaho's statutes governing issuance of writs of possession, I.C. §§ 8–301 through 312. Although titled a "writ of possession," it was functionally a writ of execution for restitution of premises in an unlawful detainer action, I.C. § 6–311C.

nalia and the baggies. The officers again advised Myers to remove his personal property from the residence, at which time Myers indicated that the marijuana and the drug paraphernalia belonged to him. These items were then seized by the officers and Myers was charged with the misdemeanor offenses of possession of marijuana, I.C. § 37–2732(c)(3), and possession of drug paraphernalia, I.C. § 37–2734A(1).

After denial of a motion to suppress, Myers entered conditional pleas of guilty to the offenses, reserving his right to challenge on appeal the magistrate's order denying his motion to suppress. On appeal, the district court affirmed the order. Myers now appeals from the district court's appellate decision.

## II. ISSUES ON APPEAL

The primary issue on appeal is whether the magistrate erred in denying Myers' motion to suppress the marijuana and drug paraphernalia found in the rented mobile home, by holding that a civil writ of possession gave the police the right to enter the private residence. A secondary issue is whether the police lawfully seized the contraband once they were inside of the residence.

## III. STANDARD OF REVIEW

■ On appeal from a decision of a magistrate following an appeal to the district judge sitting as an appellate court, the record is reviewed with due regard for but independently from the district court's decision. *State v. Kenner,* 121 Idaho 594, 597, 826 P.2d 1306, 1309 (1992); *State v. Donohoe,* 126 Idaho 989, 991, 895 P.2d 590, 592 (Ct. App.1995). This Court will uphold the findings of the magistrate court if the findings are supported by substantial and competent evidence. *McNelis v. McNelis,* 119 Idaho 349, 351, 806 P.2d 442, 444 (1991); *State v. Stevens,* 126 Idaho 822, 823, 892 P.2d 889, 890 (1995). However, issues of law are freely reviewed by this Court. *Id.*

■ When a violation of a constitutional right is asserted through a motion to suppress, the proper appellate response is one of deference to the trial court's factual findings unless those findings are clearly erroneous. *State v. Peightal,* 122 Idaho 5, 7, 830 P.2d 516, 518 (1992); *State v. Knapp,* 120 Idaho 343, 346, 815 P.2d 1083, 1086 (Ct.App.1991). However, we freely review the trial court's determination as to whether constitutional requirements have been satisfied in light of the facts found. *Id.*

## IV. DISCUSSION

■ Citing *State v. Hinchey,* 220 Neb. 825, 374 N.W.2d 14 (1985), Myers argued to the magistrate that a civil writ of possession does not allow the same lawful right of entry into a private home under the federal and state constitutions as does a validly executed search warrant. Myers further asserted that because the officers had no right to enter the residence, their seizure of the contraband was unlawful.

The magistrate held that the sheriff had a right to enter the residence pursuant to the writ of possession and an accompanying letter of instruction from the landlord's attorney because execution of such a writ requires an officer to remove the resident and his or her personal property from the premises affected by the writ. The magistrate further held that in order to properly execute the writ, it was reasonable for the sheriff to knock on the door, to enter the residence when no response was received and to walk through the mobile home in an attempt to determine whether Myers was still residing there. The magistrate concluded that the sheriff's actions were reasonable and necessary in light of the writ issued. We agree.

■ The record before this Court shows that the writ of possession was issued by another magistrate in an unlawful detainer action brought against Myers by his landlord pursuant to I.C. §§ 6–301 through 6–324, to regain possession of the rented mobile home and lot. Neither party disputes that proper procedures were used to obtain the writ. The unlawful detainer statutes require that once a complaint has been filed, a summons must be issued, served and returned. I.C. §§ 6–310 and 6–311. The issue in the complaint is then tried either by a court or by a jury. I.C. §§ 6–311A and 6–311B. Because notice and the opportunity to be heard were provided, the landlord had the occasion to

establish the probable validity of his claim for repossession, and Myers was given the opportunity to present his defense. We therefore conclude that any Fourth Amendment problems were obviated because proper procedural due process requirements were met. *See Fuentes v. Shevin*, 407 U.S. 67, 96 n. 32, 92 S.Ct. 1983, 2002 n. 32, 32 L.Ed.2d 556 (1972). Furthermore, once such a writ has been issued, the state may execute the writ by causing the tenant and his goods and chattels to be removed from the premises. I.C. § 6–311C.

The writ directed the sheriff, in pertinent part, that:

> In the above-entitled action, the Plaintiff[s] having established that they are the owners and are entitled to the possession of the personal property hereinafter described, and the default of the Defendant having been entered herein for failure to appear or answer Plaintiffs' Amended Complaint on file herein;

> Now you, the said Sheriff, are hereby required to take from the Defendant, Kelly [Myers], the possession of that certain mobile home and lot designated as Lot 156, Meadows Mobile Park, Mountain Home, Idaho, and deliver the same to the Plaintiffs, their agent or their attorney.

The letter from the landlord's attorney instructed the sheriff to:

> serve the [writ upon] Defendant, Kelly [Myers], and arrange for him to remove himself and his belongs forthwith from the described mobile home and premises. You should request the keys from him and deliver them to me with your return.

With both of these documents in hand, the sheriff went to Myers' residence for the purpose of executing the writ. When there was no response to the sheriff's knock on the door, and because he was informed by neighbors that no one had been living at the residence for some time, it was appropriate and reasonable for the sheriff and the detective to enter the residence for the purpose of executing the writ.

Myers relies heavily on *Hinchey*. However, *Hinchey* is distinguishable. In *Hinchey*, the writ of execution was issued by the clerk of the court in what appears to have been a ministerial fashion. The writ in the present case was issued as a result of a judicial proceeding where after notice and a hearing upon the defendant's default the magistrate found that the landlord had "established that they are the owners and are entitled to possession" of the property before the writ was issued. Because of the distinction in the procedure followed in this case, we decline to apply the principle set forth in *Hinchey* which invalidated the entry into the defendant's home in that case.

Next, Myers claims that the police unlawfully seized the marijuana and drug paraphernalia once they were inside of the residence. Both parties urge the application of the "plain view" analysis. Under the plain view doctrine, warrantless seizures are permitted if two requirements are satisfied: (1) the officer must lawfully make an initial intrusion or otherwise properly be in a position to observe a particular area, and (2) it must be immediately apparent that the items observed are evidence of a crime or otherwise subject to seizure. *State v. Clark*, 124 Idaho 308, 311, 859 P.2d 344, 347 (Ct.App.1993).

The sheriff and the detective were conducting a walk-through of the residence for the sole purpose of executing the writ of possession when they discovered the contraband lying in plain view. Because the officers had properly entered the residence and because it was immediately apparent that the contraband seized was evidence of the crimes of possession of marijuana and possession of drug paraphernalia, the state met its burden of proving that the evidence was properly seized under the plain view doctrine.

We conclude that because the writ of possession was properly issued and executed, the officers' entry of Myers' rented mobile home was valid. We further conclude that the contraband was seized in accordance with the plain view doctrine.

## V. CONCLUSION

The magistrate's denial of Myers' motion to suppress is affirmed.

LANSING and PERRY, JJ., concur.