961 P.2d 659

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Gary CAMPBELL, Defendant–Appellant.**

No. 23601.

Court of Appeals of Idaho.

June 19, 1998.

Van G. Bishop, Canyon County Public Defender, Nampa, for appellant.

Alan G. Lance, Attorney General; Kimberly A. Coster, Deputy Attorney General, Boise, for respondent.

LANSING, Chief Judge.

This appeal presents a challenge to the defendant's waiver of his right to a jury trial.

Gary Campbell was charged with felony driving without privileges, I.C. § 18–8001. He pleaded not guilty and the matter was set for a jury trial. The trial date was continued twice. On the morning of the third scheduled trial date, defense counsel requested another continuance. The prosecutor stated that he would agree to the request only on the condition that Campbell would consent to a court trial and waive his right to have the case tried before a jury. The court took a short recess, during which Campbell consulted with his attorney. Thereafter, Campbell advised the court that he would waive his right to a jury trial. His waiver was made on the record in open court. The district court inquired whether Campbell had fully discussed the matter with his attorney, to

which he responded that he had. The court then granted the trial continuance that had been requested by defense counsel. Several weeks later a court trial was conducted, and the district court found Campbell guilty.

On appeal, Campbell argues that he is entitled to a new trial because his waiver of his right to a jury trial was not in writing. Campbell points out that Idaho Criminal Rule 23 requires that felony cases "must be tried by a jury, unless a trial by jury is waived by a written waiver executed by the defendant in open court with the consent of the prosecutor expressed in open court and entered in the minutes." He asserts that because his waiver did not comply with this rule, it was ineffective and he is entitled to a new trial.[1]

 We decline to address Campbell's argument because he did not challenge the waiver in the district court. Although Campbell filed a motion for a new trial, noncompliance with I.C.R. 23 was not a ground for that motion, and he did not otherwise bring this issue to the district court. It is well established that issues not raised below will generally not be considered for the first time on appeal. *State v. Fodge,* 121 Idaho 192, 195, 824 P.2d 123, 126 (1992); *Sanchez v. Arave,* 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1990). An exception to this rule exists if "fundamental error" is alleged in a criminal case. *State v. Sarabia,* 125 Idaho 815, 818, 875 P.2d 227, 230 (1994); *State v. Kenner,* 121 Idaho 594, 596–97, 826 P.2d 1306, 1308–09 (1992). A fundamental error is one that goes to the foundation or basis of a defendant's rights or to the foundation of the case or takes from the defendant a right that was essential to his or her defense and which no court could or ought to permit to be waived. *Sarabia, supra; State v. Bingham,* 116 Idaho 415, 423, 776 P.2d 424, 432 (1989). Here, Campbell does not complain that he was denied the right to a jury trial but merely that his informed waiver of that right was verbal rather than in writing. This assertion does not present a question of fundamental error. Consequently Campbell's failure to

raise this issue in the trial court precludes its consideration on appeal.

The judgment of conviction is affirmed.

PERRY and SCHWARTZMAN, JJ., concur.

---

**1.** Campbell does not contend that his waiver was involuntary or was made without an understand- ing of his rights.