KIDWELL, J. pro tem.
I. Nature of the Case
Moses Olivas, Jr., was convicted of failing to register as a sex offender. Pursuant to Idaho Code section 18-8311(1), the district court sentenced Olivas to a term of imprisonment of five years. The district court also revoked Olivas’s probation on a prior conviction, executed the underlying sentence from that conviction, and retained jurisdiction. The district court ordered the underlying sentence and the five-year sentence for failing to register as a sex offender to run consecutively. Following the period of retained jurisdiction on the prior conviction, the district court suspended Olivas’s underlying sentence and reinstated probation. The State appealed the district court’s order suspending Olivas’s sentence on the prior conviction. The Court of Appeals affirmed the district court’s decision. The State petitioned this Court for review. This Court granted the State’s petition. We affirm.
II. Factual and Procedural Background
On February 6, 2009, Olivas was convicted of the crime of sexual abuse of a child under the age of sixteen in violation of Idaho Code section 18-1506. The district court sentenced Olivas to a total unified term of confinement of ten years with five years fixed and retained jurisdiction for 180 days pursuant to Idaho Code section 19-2601(4). The district court ordered Olivas to register as a sex offender pursuant to the Sexual Offender Registration and Community Right-to-Know Act (SORA), codified at Idaho Code section 18-8301 to 18-8331. Following the period of retained jurisdiction, the district court suspended Olivas’s sentence and placed him on probation for seven years. The district court again ordered Olivas to register as a sex offender.
On July 20, 2011, the State filed a petition alleging that Olivas violated the terms of his probation, and on August 11, 2011, the State filed a supplemental petition alleging an additional probation violation. On August 18, 2011, the State filed an information charging Olivas with failure to register as a sex offender in violation of SORA. On September 13, 2011, Olivas admitted to the probation violation. On October 31, 2011, Olivas pled guilty to failing to register as a sex offender.
On December 12, 2011, the district court held a consolidated hearing for the probation violation and the failure to register offense. For the probation violation, the district court revoked the order of probation and executed the original sentence for sexual abuse of a child. For the failure to register offense, the district court sentenced Olivas to a unified term of confinement of five years with zero years fixed to run consecutive to the sentence for sexual abuse of a child. The district court retained jurisdiction over Olivas for both convictions for 365 days pursuant to Idaho Code section 19-2601(4).
*378 On January 20, 2012, the State moved under Idaho Criminal Rule 35 to correct an illegal sentence. The State argued that the district court could not retain jurisdiction over Olivas for either conviction because Idaho Code section 18-8311(1) of SORA required the district court to revoke probation and order Olivas to serve his original sentence for sexual abuse of a child consecutive to his new sentence for the failure to register offense. The district court granted the State’s motion in part, concluding that it could not retain jurisdiction over Olivas for the failure to register conviction, but could retain jurisdiction for the sexual abuse of a child conviction. The district court then entered an amended judgment and commitment for the failure to register offense sentencing Olivas to a unified term of confinement of five years with zero years fixed to run consecutive to the sentence for sexual abuse of a child without retaining jurisdiction. Over the State’s objection, the district court suspended Olivas’s sentence for sexual abuse of a child after the period of retained jurisdiction and placed him on probation for seven years.
The State appealed and argued that the district court violated Idaho Code section 18-8311(1) by suspending Olivas’s sentence for sexual abuse of a child and reinstating probation. The Court of Appeals was assigned to the case, and the Court of Appeals affirmed the district court’s judgment of conviction and sentence. The State filed a petition for review, contending that the Court of Appeals incorrectly determined that Article V, Section 13 of the Idaho Constitution did not apply to Idaho Code section 18-8311(1). The Court granted the State’s petition.
III.Issue on Appeal
Whether Idaho Code section 18-8311(1) prohibits the sentencing court from suspending the offender’s original sentence, retaining jurisdiction, and reinstating probation pursuant to the constitutional limitation of Article V, Section 13 of the Idaho Constitution.
IV.Standard op Review
On a petition for review from the Court of Appeals, the Court “gives serious consideration to the Court of Appeals’ views, but will review the trial court’s decision directly” and “acts as if the appeal was directly from the trial court’s decision.” State v. Pepcorn, 152 Idaho 678, 686, 273 P.3d 1271, 1279 (2012). “Both constitutional questions and questions of statutory interpretation are questions of law over which this Court exercises free review.” Stuart v. State, 149 Idaho 35, 40, 232 P.3d 813, 818 (2010).
V.Analysis
The statute at issue here is Idaho Code section 18-8311(1), part of SORA. This statute provides the penalty for an offender “subject to registration who knowingly fails to register, verify his address, or provide any information or notice” as required by SORA. I.C. § 18-8311(1). It states that the offender
shall be guilty of a felony and shall be punished by imprisonment in the state prison system for a period not to exceed ten (10) years and by a fine not to exceed five thousand dollars ($5,000). If the offender is on probation or other supervised release or suspension from incarceration at the time of the violation, the probation or supervised release or suspension shall be revoked and the penalty for violating this chapter shall be served consecutively to the offender’s original sentence.
I.C. § 18-8311(1). Relevant here, the second sentence of Idaho Code section 18-8311(1) states that an offender on probation at the time of the failure to register offense “shall” have his probation revoked and “shall” serve his penalty for the failure to register offense “consecutively to” his “original sentence” that was imposed for the crime for which he was on probation.
This second sentence has at least two requirements. First, it requires that the court revoke the offender’s probation. Second, it requires that the court order the offender to serve his penalty for the failure to register offense consecutive, not concurrent, to the original sentence. The question in this case is whether Idaho Code section 18-8311(1) imposes an additional limitation on the court’s sentencing authority. Specifically, the question is whether the statute mandates that the court must order the original suspended term of imprisonment to be served *379 without exception — meaning that the court has no authority to later suspend the original sentence, retain jurisdiction, and reinstate probation. Such limitations by the legislature on the court's sentencing authority necessarily implicate the separation of powers doctrine.
“The objective of statutory interpretation is to give effect to legislative intent.” State v. Doe, 156 Idaho 243, 246, 322 P.3d 976, 979 (2014) (quoting State v. Yzaguirre, 144 Idaho 471, 475, 163 P.3d 1183, 1187 (2007)). Statutory interpretation “must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole. If the statute is not ambiguous, this Court does not construe it, but simply follows the law as written.” Verska v. Saint Alphonsus Reg’l Med. Ctr., 151 Idaho 889, 893, 265 P.3d 502, 506 (2011) (quoting State v. Schwartz, 139 Idaho 360, 362, 79 P.3d 719, 721 (2003)). “Only where the language is ambiguous will this Court look to rules of construction for guidance and consider the reasonableness of proposed interpretations.” Stonebrook Constr., LLC v. Chase Home Fin., LLC, 152 Idaho 927, 931, 277 P.3d 374, 378 (2012) (quoting Curlee v. Kootenai Cnty. Fire & Rescue, 148 Idaho 391, 398, 224 P.3d 458, 465 (2008)). “A statute is ambiguous where the language is capable of more than one reasonable construction.” Porter v. Bd. of Trs., Preston Sch. Dist. No. 201, 141 Idaho 11, 14, 105 P.3d 671, 674 (2004). “If the statute is ambiguous, then it must be construed to mean what the legislature intended for it to mean.” City of Sandpoint v. Sandpoint Indep. Highway Dist., 139 Idaho 65, 69, 72 P.3d 905, 909 (2003). We determine legislative intent by examining “not only the literal words of the statute, but also the reasonableness of proposed constructions, the public policy behind the statute, and its legislative history.” Id.
Based on the plain language of Idaho Code section 18-8311(1), we hold that this statute is ambiguous. The conflicting language in this statute leads us to more than one reasonable construction. On the one hand, we are persuaded that “sentence” does not necessarily denote incarceration. The word “sentence” alone has been defined as “[t]he judgment that a court formally pronounces after finding a criminal defendant guilty; the punishment imposed on a criminal wrongdoer.” Black’s Law Dictionary 1569 (10th ed.2014). A punishment or judgment may include incarceration, but incarceration certainly is not the exclusive method of punishment. Thus, had the legislature intended for the offender to serve his original term of imprisonment without exception, the legislature would have used the term “imprisonment” or “incarceration” rather than “sentence.” We also are convinced that the district court in the case complied "with the basic terms of the statute. Idaho Code section 18-8311(1) states that the probation “shall” be revoked, which the district court ordered, and that the penalty for the failure to register offense “shall be served consecutively” to the original sentence, which the district court also ordered. The court’s subsequent authority to suspend, defer, withhold, commute, or retain jurisdiction on the original sentence is not explicitly proscribed in the statute. The legislature’s intent to impose such constraints on the district court’s inherent sentencing authority is reached only by inference. These inferences go beyond a plain language interpretation of the statute.
We recognize that “original sentence” reasonably could denote the initial term of imprisonment imposed by the court prior to any suspension of that sentence. We also recognize that “consecutive sentences” has been defined by “two or more sentences of jail time to be served in sequence.” Black’s Law Dictionary at 1569 (emphasis added). Reading these terms together, we can reasonably interpret the statute to require that the offender serve the term of imprisonment from the first conviction followed by the term of imprisonment for the failure to register conviction. This interpretation, however, produces a de facto mandatory minimum sentence by eliminating the inherent sentencing power of the court. Such an interpretation creates an untenable conflict with the Idaho Constitution.
“This [C]ourt has in the past been very circumspect in protecting the au *380 tonomy envisioned for the judiciary within our constitution.” State v. McCoy, 94 Idaho 236, 240, 486 P.2d 247, 251 (1971).
The Idaho Constitution prohibits any branch of government from exercising powers that properly belong to another branch, unless the constitution expressly so directs or permits. Idaho Const, art. II, § 1. The power to define crimes and prescribe penalties belongs to the legislative department whereas the authority to sentence offenders who have been found guilty of those crimes lies with the judiciary. Spanton v. Clapp, 78 Idaho 234, 237, 299 P.2d 1103, 1104 (1956).
Gibson v. Bennett, 141 Idaho 270, 276, 108 P.3d 417, 423 (Ct.App.2005). “This [Cjourt always must be watchful, as it has been in the past, that no one of the three separate departments of the government encroach upon the powers properly belonging to another.” McCoy, 94 Idaho at 241, 486 P.2d at 252.
In “direct recognition and reiteration of the separation of powers provided by Art. 2, § 1,” Article V, Section 13 “forbids the legislature from exercising powers rightly pertaining to the judicial department.” R.E.W. Constr. Co. v. Dist. Court of the Third Judicial Dist., 88 Idaho 426, 437, 400 P.2d 390, 397 (1965). In this respect, Article V, Section 13 states: “The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a coordinate department of the government____” Idaho Const. art. V, § 13.
This prohibition against the exercise of the judicial powers is not without qualification, however. R.E.W. Constr. Co., 88 Idaho at 437, 400 P.2d at 397. In 1978, the legislature proposed and the people adopted an amendment to Article V, Section 13. State v. Pena-Reyes, 131 Idaho 656, 657, 962 P.2d 1040, 1041 (1998). It provides: “[T]he legislature can provide mandatory minimum sentences for any crimes, and any sentence imposed shall be not less than the mandatory minimum sentence so provided. Any mandatory minimum sentence so imposed shall not be reduced.” Idaho Const. art. V, § 13; see also H.J. Res. No. 6, 1978 Idaho Sess. Laws 1032, 1032-33. This amendment grants the legislature the authority to impose a mandatory minimum sentence for any crime. In addition, “[t]his amendment effectively circumscribes the power of our courts to suspend a mandatory minimum sentence contained in a statute enacted pursuant to the authority of our constitution.” Pena-Reyes, 131 Idaho at 657, 962 P.2d at 1041. In summary, this constitutional amendment provides a narrow exception for the legislature to exercise powers traditionally granted to the judicial branch: the legislature may encroach on the court’s sentencing powers only with the enactment of an express mandatory minimum sentence pursuant to Article V, Section 13.
If the legislature chooses to exercise its authority granted by Article V, Section 13, the Court will critically review the statute to avoid an untenable encroachment on judicial power. We are “obligated to seek an interpretation of a statute that upholds its constitutionality.” In re Bermudes, 141 Idaho 157, 159, 106 P.3d 1123, 1125 (2005).
Whenever an act of the Legislature can be so construed and applied as to avoid conflict with the Constitution and give it the force of law, such construction will be adopted by the courts; and it is held by many courts that where there is room for two constructions of a statute, both equally obvious and equally reasonable, the court must, in deference to the Legislature of the state, assume that it did not overlook the provisions of the Constitution, and designed the act to take effect.
Grice v. Clearwater Timber Co., 20 Idaho 70, 77, 117 P. 112, 114 (1911) (citation omitted) (internal quotation marks omitted). Thus, to maintain the separation of powers, we will narrowly construe a sentencing statute against an infringement on the judiciary’s inherent sentencing authority. Any other method of construction could permit the legislature to exercise powers properly belonging to the judiciary without invoking the appropriate constitutional authority.
We are persuaded that an interpretation of Idaho Code section 18-8311(1) that imposes a mandatory minimum sentence *381 improperly deprives the judiciary of its inherent sentencing powers. Under such an interpretation, Idaho Code section 18-8311(1) would impose a mandatory minimum sentence on Olivas’s original crime — a crime for which a sentence has already been imposed under the court’s discretionary sentencing authority. Thus, this interpretation of the statute retroactively reduces the court’s sentencing authority for an offense with no mandatory minimum sentence. This is an untenable encroachment on the sentencing powers reserved to the judicial branch. Our Constitution does not grant the legislature the authority to remove the court’s power to manage a sentence already imposed under a discretionary sentencing statute.
We hold that a statute must strictly comply with Article V, Section 13 to invoke the legislature’s ability to restrain the court’s inherent sentencing power. For example, in State v. Sarabia, 125 Idaho 815, 875 P.2d 227 (1994), a sentencing statute provided a minimum fixed term of imprisonment of five years, but then allowed for an exception to the otherwise mandatory minimum term. Id. at 817, 875 P.2d at 229.[1] The Court held that this “hybrid form” of mandatory minimum sentence was not “authorized” by Article V, Section 13 and therefore “unconstitutional, null, void, and unenforceable” for attempting to restrain the court’s sentencing authority. Id. Because the hybrid sentence did “not fall within the specific limitation on inherent judicial power specified in the 1978 amendment to art. 5, § 13,” the Court further held that “the trial courts are free to exercise their inherent power to impose the fixed term sentences they consider appropriate.” Id. Similar to the sentencing statute in Sarabia, Idaho Code section 18-8311(1) is also a “hybrid” statute in the sense that its interpretation as a mandatory minimum sentence reaches back and restrains the court’s sentencing authority for a discretionary sentence already imposed and managed by the court. We conclude that Idaho Code section 18-8311(1) fails to impose a mandatory minimum sentence as contemplated by Article V, Section 13.
Therefore, we adopt the interpretation of Idaho Code section 18-8311(1) that does not restrict the court’s authority to suspend the offender’s original sentence. Absent the legislature’s proper exercise of authority granted in Article V, Section 13, the courts retain their inherent power to suspend or reduce a sentence. Sarabia, 125 Idaho at 817, 875 P.2d at 229; McCoy, 94 Idaho at 240, 486 P.2d at 251. In this case, the district court appropriately used its discretion to sentence Olivas for his original offense and to set the penalty for his probation violation. The district court continued to have the discretion to manage Olivas’s probation violation for his original offense after abiding by any directives in Idaho Code section 18-8311(1). “Once a probation violation has been proven ... the decision of whether to revoke probation and impose a suspended sentence is within the sound discretion of the trial court.” State v. Blake, 133 Idaho 237, 243, 985 P.2d 117, 123 (1999) (citing State v. Knowlton, 123 Idaho 916, 921, 854 P.2d 259, 264 (1993)); see also State v. Rose, 144 Idaho 762, 765, 171 P.3d 253, 256 (2007). The district court did not err by suspending Olivas’s original sentence for sexual abuse of a child and placing him on probation after the second period of retained jurisdiction.
VI. Conclusion
Olivas’s judgment of conviction and sentence for sexual abuse of a child is affirmed.
Chief Justice BURDICK and Justice J. JONES concur.

. The statute at issue in Sarabia was Idaho Code section 37-2732B. In response to Sarabia, the legislature amended the statute to “no longer provide[] any means by which the mandatory sentences may be reduced.” State v. Puetz, 129 Idaho 842, 843-44, 934 P.2d 15, 16-17 (1997).