934 P.2d 15

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jon Scott PUETZ, Defendant–Appellant.**

No. 22616.

Supreme Court of Idaho.
Boise, January 1997 Term.

March 13, 1997.

Alan E. Trimming, Ada County Public Defender; David J. Smethers, Deputy Public Defender (argued), Boise, for defendant–appellant.

Alan G. Lance, Attorney General; Michael A. Henderson, Deputy Attorney General, Boise; Michael Lojek, Legal Intern (argued), Moscow, for plaintiff–respondent.

SILAK, Justice.

This is an appeal from a conviction of trafficking in heroin. Appellant was sentenced to a fixed term of fifteen years as required by I.C. § 37–2732B(a)(5)(C). The appellant challenges the constitutionality of the mandatory minimum sentencing provisions of this statute. We affirm.

## I.

### FACTS AND PROCEDURAL BACKGROUND

On May 19, 1995, at approximately 6:00 p.m., appellant Jon Scott Puetz (Puetz) met with a police informant at the Taco Time at the Northgate Shopping Center in Boise. The informant had arranged to buy heroin from Puetz for $81,200 and was to record the transaction to assist law enforcement personnel. Puetz arrived at Taco Time with Coria Reyes Urena, a co-defendant not involved in this appeal. Puetz indicated that he had hidden the heroin in a portable stereo known as a "boom box," but the informant wanted to be certain it was there and asked to see it before paying.

The three men exited Taco Time and Urena went to a nearby Payless drugstore to purchase a screwdriver in order to open the stereo and display the heroin to the informant. After Puetz received the screwdriver from Urena, he proceeded to a black Mazda which was parked nearby, extracted a "boom box" and reunited with the informant. The informant and Puetz then drove the informant's car a short distance and parked between the Taco Time and the TCBY yogurt stand. Law enforcement personnel then approached the vehicle and arrested Puetz for trafficking in heroin. The police officers discovered five small packages, containing at least 28 grams of heroin, in the "boom box."

In June 1995, Puetz was indicted by a grand jury on two charges of trafficking in heroin, a felony, pursuant to I.C. § 37–2732B(a)(5). Puetz pled not guilty and was convicted after a jury trial. The district court sentenced Puetz to a mandatory fixed fifteen year term as required by I.C. § 37–2732B(a)(5)(C). Puetz appealed.

## II.

## ISSUES ON APPEAL

1. Whether the mandatory period of incarceration set forth in I.C. § 37–2732B(a)(5) constitutes an improper limit upon the district court's discretion.

The State restates the issue on appeal as follows:

1. Whether the mandatory minimum fixed sentences prescribed by I.C. § 37–2732B are permitted under art. V, § 13 of the Idaho Constitution.

## III.

## THE MANDATORY MINIMUM FIXED SENTENCES SET FORTH IN I.C. § 37–2732B ARE EXPRESSLY PERMITTED BY ART. V, § 13 OF THE IDAHO CONSTITUTION

Puetz was convicted of two charges of trafficking in heroin pursuant to I.C. § 37–2732B(a)(5)(C), and was sentenced to a mandatory fixed fifteen year term. This section provides:

Any person who knowingly manufactures, delivers or brings into this state, or who is knowingly in actual or constructive possession of, two (2) grams or more of heroin ... is guilty of a felony, which felony shall be known as "trafficking in heroin." If the quantity involved:

. . .

(C) is twenty-eight (28) grams or more, such person shall be sentenced to a mandatory minimum fixed term of imprisonment of fifteen (15) years and fined not less than twenty-five thousand dollars ($25,000).

Prior to 1995, subsection (a)(8) of I.C. § 37–2732B provided for a way in which a defendant could be sentenced to a term less than the mandatory fixed term:

(8) Upon motion of the prosecuting attorney, the court shall have the authority to impose a sentence below the mandatory minimum level upon any person who is convicted of a violation of the provisions of this section and who provides substantial assistance in the identification, arrest and prosecution of any of his accomplices, accessories, coconspirators, principals, sources of supply, or of any other person involved in dealing in a controlled substance in violation of the provisions of this section. . . . The judge hearing the state's motion may reduce or suspend the sentence if he finds that the defendant has rendered substantial assistance.

In *State v. Sarabia*, 125 Idaho 815, 875 P.2d 227 (1994), the defendant challenged the constitutionality of I.C. § 37–2732B because the trial court could deviate from the minimum fixed terms of imprisonment upon motion of the prosecuting attorney. The defendant argued that this type of fixed term was not authorized by art. V, § 13 of the Idaho Constitution and invaded the inherent authority of the court. 125 Idaho at 816, 875 P.2d at 228. This Court agreed.

Prior to 1978, art. V, § 13 of the Idaho Constitution provided:

The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a coordinate department of the government. . . .

In 1978, the legislature proposed and the people ratified an amendment to this section adding the following provision:

provided, however, that the legislature can provide mandatory minimum sentences for any crimes, and any sentence imposed shall be not less than the mandatory minimum sentence so provided. *Any mandatory minimum sentence so imposed shall not be reduced.*

(Emphasis added.)

In *Sarabia*, this Court held that because subsection (a)(8) of I.C. § 37–2732B allowed a mandatory sentence to be reduced upon motion of a prosecuting attorney, the fixed sentences contained in this statute were not

authorized by the 1978 amendment to art. V, § 13 which states that no mandatory sentences shall be reduced. We held that this "hybrid form of fixed term sentence" was in contravention of art. V, § 13 and was therefore unconstitutional. *Id.* at 817, 875 P.2d at 229.

In response to our decision in *Sarabia,* the 1995 Idaho Legislature amended I.C. § 37–2732B by deleting subsection (a)(8). The current statute no longer provides any means by which the mandatory sentences may be reduced. Puetz was sentenced under the 1995 amended statute.

On appeal, Puetz argues that I.C. § 37–2732B remains unconstitutional because the prosecutor still controls the sentences in these cases in that the prosecutor, by deciding to reduce a charge, can reduce the mandatory fixed term. This argument is without merit. Prosecutors have always had the authority to reduce the charges against a particular suspect, and in deciding whether to charge a suspect at all. *See, e.g., State v. Vetsch,* 101 Idaho 595, 596, 618 P.2d 773, 774 (1980) (stating that "a prosecutor is vested with a wide range of discretion in deciding when and what crimes to prosecute").

Further, I.C. § 37–2732B, after the 1995 amendment, fully complies with the requirement of art. V, § 13 of the Idaho Constitution that mandatory minimum sentences "shall not be reduced". There currently is no provision in the statute by which the mandatory fixed sentences can be reduced. Thus, we hold that the current statute is constitutional.

### IV.

### CONCLUSION

We hold that I.C. § 37–2732B, as amended in 1995, fully complies with art. V, § 13 of the Idaho Constitution and is therefore constitutional. Accordingly, the judgment of conviction and sentence are affirmed.

TROUT, C.J., and JOHNSON, McDEVITT and SCHROEDER, JJ., concur.