962 P.2d 1040

STATE of Idaho, Plaintiff–Respondent,

v.

Gabriel PENA–REYES, Defendant–
Appellant.

No. 23378.

Supreme Court of Idaho,
Boise, December 1997 Term.

July 20, 1998.

Kaaren L. Barr, Boise, for appellant.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent. Myrna A.I. Stahman argued.

TROUT, Chief Justice.

This is an appeal from the district court's denial of Gabriel Pena–Reyes' (Pena–Reyes) motion challenging the constitutionality of I.C. § 37–2732B(a)(7). We affirm the district court's denial of Pena–Reyes' motion.

## I.

## BACKGROUND

On November 3, 1995, the State of Idaho (State) filed a complaint charging Pena–Reyes with one count of trafficking in cocaine and one count of trafficking in methamphetamine. Pursuant to a plea agreement with the State, Pena–Reyes entered an unconditional plea of guilty to one count of trafficking in cocaine. Four days prior to the sentencing hearing, Pena–Reyes filed a motion challenging the constitutionality of I.C. § 37–2732B(a)(7), the statute under which he was to be sentenced. I.C. § 37–2732B(a)(7) imposes a mandatory minimum sentence of five years for a guilty plea to trafficking in cocaine, which "shall not be suspended, deferred, or withheld." The district court denied Pena–Reyes' motion on the basis that it was untimely, and imposed a five-year sentence.

## II.

## CONSTITUTIONALITY OF I.C. § 37–2732B(a)(7)

On appeal, Pena–Reyes asserts that I.C. § 37–2732B(a)(7) violates Article 5, Section 13, of the Idaho Constitution because it prohibits the sentencing judge from exercising the inherent judicial power to suspend sentences. The State argues that the Court should not consider Pena–Reyes' constitutional challenge because he did not obtain a ruling below on the merits of his motion; rather, the district court denied Pena–Reyes' motion on the basis that it was untimely, stating that Pena–Reyes' constitutional challenge to the sentencing statute should have been brought prior to Pena–Reyes' entry of an unconditional guilty plea. Although the district court denied Pena–Reyes' motion as untimely, the district court addressed the merits of Pena–Reyes' motion at the sentencing hearing, stating: "If I had discretion in this matter, I think I could fashion a better sentence that would meet all of the goals that a court should be meeting in sentencing, but a court has no discretion in the areas [sic] of trafficking in cocaine." The district court's statement contains an implicit ruling that

I.C. § 37–2732B(a)(7) is constitutional, and thus, we will address Pena–Reyes' constitutional challenge on appeal. *See Northcutt v. Sun Valley Co.*, 117 Idaho 351, 356–57, 787 P.2d 1159, 1164–65 (1990).

The Idaho Supreme Court, in *State v. McCoy*, 94 Idaho 236, 486 P.2d 247 (1971), held the judiciary had the inherent right to suspend sentences. In 1978, in response to *McCoy*, the legislature proposed and the people adopted an amendment to Article 5, Section 13, of the Idaho Constitution, which added the following language: "provided, however, that the legislature can provide mandatory minimum sentences for any crimes, and any sentence imposed shall be not less than the mandatory minimum sentence so provided. Any mandatory minimum sentence so imposed shall not be reduced." Idaho Const. art. V, § 13. This amendment effectively circumscribes the power of our courts to suspend a mandatory minimum sentence contained in a statute enacted pursuant to the authority of our constitution. Thus, we find that I.C. § 37–2732B(a)(7) does not violate Article 5, Section 13, of the Idaho Constitution.

### III.

### CONCLUSION

For the foregoing reasons, we affirm the district court's denial of Pena–Reyes' motion challenging the constitutionality of I.C. § 37–2732B(a)(7). We decline to address the other issues presented on appeal.

JOHNSON, SILAK, SCHROEDER and WALTERS, JJ., concur.