# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 39682 & 39683

| | |
|---|---|
| STATE OF IDAHO,<br><br>       Plaintiff-Appellant,<br><br>v.<br><br>MOSES OLIVAS, JR.,<br><br>       Defendant-Respondent. | 2013 Opinion No. 48<br><br>Filed: September 6, 2013<br><br>Stephen W. Kenyon, Clerk |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas J. Ryan, District Judge.

Appeal from judgment of conviction and sentence for failure to register as a sexual offender, <u>dismissed</u>; judgment of conviction and sentence for sexual abuse of a child under the age of sixteen, <u>affirmed</u>.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for appellant. Russell J . Spencer argued.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for respondent. Shawn F. Wilkerson argued.

---

MELANSON, Judge

The State of Idaho appeals from Moses Olivas, Jr.'s judgment of conviction and sentence for failure to register as a sexual offender in Docket No. 39682 and his judgment of conviction and sentence for sexual abuse of a child under the age of sixteen in Docket No. 39683. Specifically, the state argues the district court had no authority to place Olivas on probation after a period of retained jurisdiction in Docket No. 39683. For the reasons set forth below, we dismiss the appeal from Docket No. 39682 and affirm the judgment of conviction and sentence in Docket No. 39683.

## I.

## FACTS AND PROCEDURE

In Docket No. 39683, Olivas pled guilty to sexual abuse of a child under the age of sixteen and was sentenced to a unified term of ten years, with a minimum period of confinement

1

of five years. Following a period of retained jurisdiction, the district court placed Olivas on probation for seven years and ordered him to register as a sexual offender. Thereafter, in Docket No. 39682, the state charged Olivas with failure to register as a sexual offender and alleged Olivas violated terms of his probation in Docket No. 39683. Pursuant to a plea agreement, Olivas pled guilty to failure to register. In a consolidated sentencing and probation violation disposition hearing, the district court revoked Olivas's probation in Docket No. 39683 and executed the underlying sentence. In Docket No. 39682, the district court imposed an indeterminate term of five years, to run consecutive to the sentence in Docket No. 39683. The district court retained jurisdiction in both cases. The state filed an I.C.R. 35 motion to correct illegal sentences, asserting I.C. § 18-8311(1) did not allow the district court to retain jurisdiction in either of the cases. In ruling on the state's motion, the district court determined it could not retain jurisdiction in Docket No. 39682, but disagreed that I.C. § 18-8311(1) prevented it from retaining jurisdiction in Docket No. 39683. Accordingly, the district court granted the state's motion as to Docket No. 39682, entered an amended judgment of conviction, and remanded Olivas to the custody of the Idaho Department of Correction to serve his sentence. The district court denied the state's motion as to Docket No. 39683. After a period of retained jurisdiction in Docket No. 39683, the district court reinstated Olivas on probation for seven years. The state appeals.

## II.

## ANALYSIS

We initially note that, although the state filed a notice of appeal in Docket No. 39682, after the district court granted the state's Rule 35 motion with respect to that case and entered an amended judgment of conviction, the state advanced no further argument. Therefore, the state's appeal in Docket No. 39682 is dismissed.

The state argues that I.C. § 18-8311(1) is unambiguous and that, pursuant to the plain language of the statute, the district court had no authority to place Olivas on probation after a period of retained jurisdiction in Docket No. 39683. This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67

2

(Ct. App. 2000).   The language of the statute is to be given its plain, obvious, and rational meaning.   *Burnight*, 132 Idaho at 659, 978 P.2d at 219.   If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation.  *Escobar*, 134 Idaho at 389, 3 P.3d at 67.

Idaho law provides a trial court with several options following revocation of an offender's probation.   The court may impose the original sentence, commute the offender's sentence and confine the offender to the county jail, suspend execution of the judgment and retain jurisdiction over the offender for up to 365 days, or suspend execution of the judgment and place the offender back on probation.  I.C. §§ 19-2601(1)-(4), 20-222; *see also* I.C.R. 33(d).  A trial court also possesses authority under I.C.R. 35 to sua sponte reduce the offender's sentence, and the decision whether to do so is committed to the discretion of the court.  *State v. McCarthy*, 145 Idaho 397, 400, 179 P.3d 360, 363 (Ct. App. 2008); *State v. Hoskins,* 131 Idaho 670, 672, 962 P.2d 1054, 1056 (Ct. App. 1998).

Idaho Code Section 18-8311(1) provides:

> An offender subject to registration who knowingly fails to register, verify his address, or provide any information or notice as required by this chapter shall be guilty of a felony and shall be punished by imprisonment in the state prison system for a period not to exceed ten (10) years and by a fine not to exceed five thousand dollars ($5,000).  If the offender is on probation or other supervised release or suspension from incarceration at the time of the violation, the probation or supervised release or suspension shall be revoked and the penalty for violating this chapter shall be served consecutively to the offender's original sentence.

The state asserts that this language directed the district court to revoke Olivas's probation in Docket No. 39683 and require that Olivas serve his sentence for sexual abuse of a child prior to serving his sentence for failure to register.   The state concludes that, by placing Olivas on probation after a period of retained jurisdiction in Docket No. 39683, the district court suspended Olivas's sentence for sexual abuse of a child rather than requiring him to serve it in contravention of I.C. § 18-8311(1).[1]

---

[1]    The state alternatively argues that, when the district court placed Olivas on probation in Docket No. 39683 and remanded him to the Idaho Department of Correction to serve his sentence in Docket No. 39682 for failure to register, the district court allowed Olivas to serve his sentence for failure to register as a sexual offender concurrent with his sentence in Docket No. 39683 in violation of I.C. § 18-8311(1).   However, once the district court placed Olivas on probation, Olivas was no longer serving his sentence in Docket No. 39683 because offenders are

3

Olivas argues that the inherent authority of Idaho courts to suspend a sentence can only be circumvented where the legislature has enacted a statute specifically prescribing a mandatory minimum term. Olivas cites to *State v. Pena-Reyes*, 131 Idaho 656, 962 P.2d 1040 (1998), to support this proposition. In that case, Pena-Reyes filed a motion challenging the constitutionality of a statute which imposed a mandatory minimum sentence of five years for a guilty plea to trafficking in cocaine and required the sentence not be suspended, deferred, or withheld. Pena-Reyes asserted that the statute violated Article V, Section 13 of the Idaho Constitution because it prohibited the sentencing judge from exercising the inherent judicial power to suspend sentences. Previously, the Idaho Supreme Court held that the judiciary had the inherent power to suspend sentences. *See State v. McCoy*, 94 Idaho 236, 240, 486 P.2d 247, 251 (1971). Following the decision in *McCoy*, the legislature proposed and the people adopted an amendment to Article V, Section 13 of the Idaho Constitution, which added the following language: "provided, however, that the legislature can provide mandatory minimum sentences for any crimes, and any sentence imposed shall be not less than the mandatory minimum sentence so provided. Any mandatory minimum sentence so imposed shall not be reduced."[2] In *Pena-Reyes*, the Court concluded that this amendment effectively circumscribed the power of Idaho courts to suspend a mandatory minimum sentence contained in a statute enacted pursuant to the authority of the Idaho Constitution. *Pena-Reyes*, 131 Idaho at 656, 962 P.2d at 1040. Thus, the Court held the statute at issue did not violate Article V, Section 13 of the Idaho

not entitled to credit for time served as a condition of probation. *See State v. Banks*, 121 Idaho 608, 609-10, 826 P.2d 1320, 1321-22 (1992).

[2]     Article V, Section 13 of the Idaho Constitution provides:

The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a coordinate department of the government; but the legislature shall provide a proper system of appeals, and regulate by law, when necessary, the methods of proceeding in the exercise of their powers of all the courts below the Supreme Court, so far as the same may be done without conflict with this Constitution, provided, however, that the legislature can provide mandatory minimum sentences for any crimes, and any sentence imposed shall be not less than the mandatory minimum sentence so provided. Any mandatory minimum sentence so imposed shall not be reduced.

4

Constitution. *Id.* Olivas argues that, unlike the statute at issue in *Pena-Reyes*, I.C. § 18-8311(1) does not delineate a mandatory minimum sentence whereby the district court is precluded from suspending the sentence. Therefore, Olivas concludes that I.C. § 18-8311(1) did not circumscribe the district court's inherent authority to suspend his sentence in Docket No. 39683.

As demonstrated by the statute at issue in *Pena-Reyes*, when the legislature has intended to prohibit the district court from suspending a sentence, it has demonstrated its ability to make that intent entirely clear by imposing a mandatory minimum sentence. Moreover, Article V, Section 13 of the Idaho Constitution circumscribes the inherent power of Idaho courts to suspend sentences only when the legislature prescribes a mandatory minimum sentence in a constitutionally enacted statute; Idaho courts retain that inherent power in all other cases. Because I.C. § 18-8311(1) does not contain any language imposing a mandatory minimum sentence, the district court did not err by suspending Olivas's original sentence in Docket No. 39683 and placing him on probation after a period of retained jurisdiction.

## III.

## CONCLUSION

The state advanced no argument on appeal regarding Docket No. 39682 and this case is dismissed. Idaho Code Section 18-8311(1) does not contain any language imposing a mandatory minimum sentence. Therefore, the district court did not err by suspending Olivas's sentence in Docket No. 39683 and placing him on probation after a period of retained jurisdiction. Accordingly, we dismiss the state's appeal from Docket No. 39682 and affirm Olivas's judgment of conviction and sentence for sexual abuse of a child under the age of sixteen in Docket No. 39683.

Chief Judge GUTIERREZ, **CONCURS.**

Judge LANSING, **DISSENTING**

Because I believe that Idaho Code § 18-8311(1) clearly and constitutionally prohibits the suspension of Olivas's sentence for sexual abuse of a child in Docket No. 39683, I respectfully dissent.

Section 18-8311(1) states that if an offender is on probation and violates the sex offender registration statutes, "the probation or supervised release or suspension shall be revoked and the penalty for violating this chapter shall be served consecutively to the offender's original

5

sentence." This language plainly directs that the suspension of the offender's sentence for a prior crime must be revoked and the sentence of incarceration must be served.

The majority declines to enforce this provision of Section 18-8311(1) because they deem it to contravene the inherent powers of the court to suspend sentences. In my view, the majority interprets much too narrowly the language of Article V, Section 13 of the Idaho Constitution, which states:

> The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a coordinate department of the government; but the legislature shall provide a proper system of appeals, and regulate by law, when necessary, the methods of proceeding in the exercise of their powers of all the courts below the Supreme Court, so far as the same may be done without conflict with this Constitution, *provided, however, that the legislature can provide mandatory minimum sentences for any crimes, and any sentence imposed shall be not less than the mandatory minimum sentence so provided. Any mandatory minimum sentence so imposed shall not be reduced.*

(emphasis added). The Idaho Supreme Court considered the scope of legislative authority under that constitutional provision in *State v. Pina-Reyes*, 131 Idaho 656, 962 P.2d 1040 (1998), where the defendant challenged the constitutionality of a statute that prescribed a mandatory minimum sentence of five years for trafficking in cocaine and stated that the sentence "shall not be suspended, or withheld." Pina-Reyes asserted that the statute violated Article V, Section 13 because it prohibited the sentencing judge from exercising inherent judicial power to suspend sentences. The Idaho Supreme Court held that the portion of Article V, Section 13 that is italicized in the above quotation "effectively circumscribes the power of our Court to suspend a mandatory minimum sentence contained in the statute enacted pursuant to the authority of our constitution." *Id.* at 657, 962 P.2d at 1041. The Court therefore concluded that the statute that prescribed a mandatory minimum sentence for trafficking in cocaine and prohibited suspension of the sentence did not violate the constitution by intruding upon the inherent power of Idaho courts to suspend sentences.

The majority apparently distinguishes *Pina-Reyes* and deems Article V, Section 13 insufficient to empower the Idaho Legislature to prohibit suspension of a sentence as it purported to do in Idaho Code § 18-8311(1) because Section 18-8311(1) does not also prescribe a

6

mandatory minimum term of incarceration for the offense.[1] That is, the majority holds that Article V, Section 13 of the Idaho Constitution enables the legislature to prohibit the suspension of a sentence only when the legislature also prescribes a mandatory minimum period of incarceration for the same offense.

I cannot agree with that restrictive view of the constitutional provision. The authority conferred by Article V, Section 13 for the legislature to prescribe mandatory minimum periods of incarceration, which must be served without suspension or reduction, inherently includes the authority to impose lesser restraints on the courts' sentencing authority, such as prohibitions against the suspension of a sentence. Indeed, a statutory bar against suspension of a sentence like that found in Idaho Code § 18-8311(1) is a *type* of mandatory minimum sentence in that it requires that whatever sentence is imposed must be served in incarceration instead of on probation. Article V, Section 13 does not limit legislative authority by allowing the legislature to prescribe only mandatory minimum *terms of incarceration*--it authorizes the establishment of mandatory minimum *sentences*, which includes a mandatory provision that any sentence that a court lawfully imposes must be served in confinement and cannot be suspended.

---

[1] Of course, the legislature could not conceivably prescribe a mandatory minimum term of confinement within Idaho Code § 18-8311(1) for a previous conviction. The pertinent provision in Section 18-8311(1) applies only when a defendant is already on probation for a prior offense for which a sentence of incarceration has already been pronounced and suspended (unless the offender was on probation pursuant to a withheld judgment). Thus, the period of incarceration for the underlying crime has already been determined before the provision of Section 18-8311(1) is triggered.

7