# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 41644

STATE OF IDAHO,

    Plaintiff-Appellant,

v.

MOSES OLIVAS, JR.,

    Defendant-Respondent.

 

)
)
)
)
)
)
)
)
)
)
)
)

Boise, January 2015 Term

2015 Opinion No. 44

Filed: May 4, 2015

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Third Judicial District of the State of Idaho, Canyon County. Hon. Thomas J. Ryan, District Judge.

The judgment of conviction and sentence is <u>affirmed.</u>

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, attorney for appellant. Russell J. Spencer argued.

Sara B. Thomas, Idaho State Appellate Public Defender, Boise, attorney for respondent. Eric Fredericksen argued.

_____

KIDWELL, J. *pro tem*

## I. NATURE OF THE CASE

Moses Olivas, Jr., was convicted of failing to register as a sex offender. Pursuant to Idaho Code section 18-8311(1), the district court sentenced Olivas to a term of imprisonment of five years. The district court also revoked Olivas's probation on a prior conviction, executed the underlying sentence from that conviction, and retained jurisdiction. The district court ordered the underlying sentence and the five-year sentence for failing to register as a sex offender to run consecutively. Following the period of retained jurisdiction on the prior conviction, the district court suspended Olivas's underlying sentence and reinstated probation. The State appealed the district court's order suspending Olivas's sentence on the prior conviction. The Court of Appeals affirmed the district court's decision. The State petitioned this Court for review. This Court granted the State's petition. We affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On February 6, 2009, Olivas was convicted of the crime of sexual abuse of a child under the age of sixteen in violation of Idaho Code section 18-1506. The district court sentenced Olivas to a total unified term of confinement of ten years with five years fixed and retained jurisdiction for 180 days pursuant to Idaho Code section 19-2601(4). The district court ordered Olivas to register as a sex offender pursuant to the Sexual Offender Registration and Community Right-to-Know Act (SORA), codified at Idaho Code section 18-8301 to 18-8331. Following the period of retained jurisdiction, the district court suspended Olivas's sentence and placed him on probation for seven years. The district court again ordered Olivas to register as a sex offender.

On July 20, 2011, the State filed a petition alleging that Olivas violated the terms of his probation, and on August 11, 2011, the State filed a supplemental petition alleging an additional probation violation. On August 18, 2011, the State filed an information charging Olivas with failure to register as a sex offender in violation of SORA. On September 13, 2011, Olivas admitted to the probation violation. On October 31, 2011, Olivas pled guilty to failing to register as a sex offender.

On December 12, 2011, the district court held a consolidated hearing for the probation violation and the failure to register offense. For the probation violation, the district court revoked the order of probation and executed the original sentence for sexual abuse of a child. For the failure to register offense, the district court sentenced Olivas to a unified term of confinement of five years with zero years fixed to run consecutive to the sentence for sexual abuse of a child. The district court retained jurisdiction over Olivas for both convictions for 365 days pursuant to Idaho Code section 19-2601(4).

On January 20, 2012, the State moved under Idaho Criminal Rule 35 to correct an illegal sentence. The State argued that the district court could not retain jurisdiction over Olivas for either conviction because Idaho Code section 18-8311(1) of SORA required the district court to revoke probation and order Olivas to serve his original sentence for sexual abuse of a child consecutive to his new sentence for the failure to register offense. The district court granted the State's motion in part, concluding that it could not retain jurisdiction over Olivas for the failure to register conviction, but could retain jurisdiction for the sexual abuse of a child conviction. The district court then entered an amended judgment and commitment for the failure to register offense sentencing Olivas to a unified term of confinement of five years with zero years fixed to run consecutive to the sentence for sexual abuse of a child without retaining jurisdiction. Over

the State's objection, the district court suspended Olivas's sentence for sexual abuse of a child after the period of retained jurisdiction and placed him on probation for seven years.

The State appealed and argued that the district court violated Idaho Code section 18-8311(1) by suspending Olivas's sentence for sexual abuse of a child and reinstating probation. The Court of Appeals was assigned to the case, and the Court of Appeals affirmed the district court's judgment of conviction and sentence. The State filed a petition for review, contending that the Court of Appeals incorrectly determined that Article V, Section 13 of the Idaho Constitution did not apply to Idaho Code section 18-8311(1). The Court granted the State's petition.

## III. Issue on Appeal

Whether Idaho Code section 18-8311(1) prohibits the sentencing court from suspending the offender's original sentence, retaining jurisdiction, and reinstating probation pursuant to the constitutional limitation of Article V, Section 13 of the Idaho Constitution.

## IV. Standard of Review

On a petition for review from the Court of Appeals, the Court "gives serious consideration to the Court of Appeals' views, but will review the trial court's decision directly" and "acts as if the appeal was directly from the trial court's decision." *State v. Pepcorn*, 152 Idaho 678, 686, 273 P.3d 1271, 1279 (2012). "Both constitutional questions and questions of statutory interpretation are questions of law over which this Court exercises free review." *Stuart v. State*, 149 Idaho 35, 40, 232 P.3d 813, 818 (2010).

## V. Analysis

The statute at issue here is Idaho Code section 18-8311(1), part of SORA. This statute provides the penalty for an offender "subject to registration who knowingly fails to register, verify his address, or provide any information or notice" as required by SORA. I.C. § 18-8311(1). It states that the offender

> shall be guilty of a felony and shall be punished by imprisonment in the state prison system for a period not to exceed ten (10) years and by a fine not to exceed five thousand dollars ($5,000). If the offender is on probation or other supervised release or suspension from incarceration at the time of the violation, the probation or supervised release or suspension shall be revoked and the penalty for violating this chapter shall be served consecutively to the offender's original sentence.

I.C. § 18-8311(1). Relevant here, the second sentence of Idaho Code section 18-8311(1) states that an offender on probation at the time of the failure to register offense "shall" have his

probation revoked and "shall" serve his penalty for the failure to register offense "consecutively to" his "original sentence" that was imposed for the crime for which he was on probation.

This second sentence has at least two requirements. First, it requires that the court revoke the offender's probation. Second, it requires that the court order the offender to serve his penalty for the failure to register offense consecutive, not concurrent, to the original sentence. The question in this case is whether Idaho Code section 18-8311(1) imposes an additional limitation on the court's sentencing authority. Specifically, the question is whether the statute mandates that the court must order the original suspended term of imprisonment to be served without exception—meaning that the court has no authority to later suspend the original sentence, retain jurisdiction, and reinstate probation. Such limitations by the legislature on the court's sentencing authority necessarily implicate the separation of powers doctrine.

"The objective of statutory interpretation is to give effect to legislative intent." *State v. Doe*, 156 Idaho 243, 246, 322 P.3d 976, 979 (2014) (quoting *State v. Yzaguirre*, 144 Idaho 471, 475, 163 P.3d 1183, 1187 (2007)). Statutory interpretation "must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole. If the statute is not ambiguous, this Court does not construe it, but simply follows the law as written." *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011) (quoting *State v. Schwartz*, 139 Idaho 360, 362, 79 P.3d 719, 721 (2003)). "Only where the language is ambiguous will this Court look to rules of construction for guidance and consider the reasonableness of proposed interpretations." *Stonebrook Constr., LLC v. Chase Home Fin., LLC*, 152 Idaho 927, 931, 277 P.3d 374, 378 (2012) (quoting *Curlee v. Kootenai Cnty. Fire & Rescue*, 148 Idaho 391, 398, 224 P.3d 458, 465 (2008)). "A statute is ambiguous where the language is capable of more than one reasonable construction." *Porter v. Bd. of Trs., Preston Sch. Dist. No. 201*, 141 Idaho 11, 14, 105 P.3d 671, 674 (2002). "If the statute is ambiguous, then it must be construed to mean what the legislature intended for it to mean." *City of Sandpoint v. Sandpoint Indep. Highway Dist.*, 139 Idaho 65, 69, 72 P.3d 905, 909 (2003). We determine legislative intent by examining "not only the literal words of the statute, but also the reasonableness of proposed constructions, the public policy behind the statute, and its legislative history." *Id.*

Based on the plain language of Idaho Code section 18-8311(1), we hold that this statute is ambiguous. The conflicting language in this statute leads us to more than one reasonable

4

construction. On the one hand, we are persuaded that "sentence" does not necessarily denote incarceration. The word "sentence" alone has been defined as "[t]he judgment that a court formally pronounces after finding a criminal defendant guilty; the punishment imposed on a criminal wrongdoer." BLACK'S LAW DICTIONARY 1569 (10th ed. 2014). A punishment or judgment may include incarceration, but incarceration certainly is not the exclusive method of punishment. Thus, had the legislature intended for the offender to serve his original term of imprisonment without exception, the legislature would have used the term "imprisonment" or "incarceration" rather than "sentence." We also are convinced that the district court in the case complied with the basic terms of the statute. Idaho Code section 18-8311(1) states that the probation "shall" be revoked, which the district court ordered, and that the penalty for the failure to register offense "shall be served consecutively" to the original sentence, which the district court also ordered. The court's subsequent authority to suspend, defer, withhold, commute, or retain jurisdiction on the original sentence is not explicitly proscribed in the statute. The legislature's intent to impose such constraints on the district court's inherent sentencing authority is reached only by inference. These inferences go beyond a plain language interpretation of the statute.

We recognize that "original sentence" reasonably could denote the initial term of imprisonment imposed by the court prior to any suspension of that sentence. We also recognize that "consecutive sentences" has been defined by "two or more sentences of *jail time* to be served in sequence." BLACK'S LAW DICTIONARY at 1569 (emphasis added). Reading these terms together, we can reasonably interpret the statute to require that the offender serve the term of imprisonment from the first conviction followed by the term of imprisonment for the failure to register conviction. This interpretation, however, produces a de facto mandatory minimum sentence by eliminating the inherent sentencing power of the court. Such an interpretation creates an untenable conflict with the Idaho Constitution.

"This [C]ourt has in the past been very circumspect in protecting the autonomy envisioned for the judiciary within our constitution." *State v. McCoy*, 94 Idaho 236, 240, 486 P.2d 247, 251 (1971).

> The Idaho Constitution prohibits any branch of government from exercising powers that properly belong to another branch, unless the constitution expressly so directs or permits. IDAHO CONST. art. II, § 1. The power to define crimes and prescribe penalties belongs to the legislative department whereas the authority to

5

sentence offenders who have been found guilty of those crimes lies with the judiciary. *Spanton v. Clapp*, 78 Idaho 234, 237, 299 P.2d 1103, 1104 (1956).

*Gibson v. Bennett*, 141 Idaho 270, 276, 108 P.3d 417, 423 (Ct. App. 2005). "This [C]ourt always must be watchful, as it has been in the past, that no one of the three separate departments of the government encroach upon the powers properly belonging to another." *McCoy*, 94 Idaho at 241, 486 P.2d at 252.

In "direct recognition and reiteration of the separation of powers provided by Art. 2, § 1," Article V, Section 13 "forbids the legislature from exercising powers rightly pertaining to the judicial department." *R.E.W. Constr. Co. v. Dist. Court of the Third Judicial Dist.*, 88 Idaho 426, 437, 400 P.2d 390, 397 (1965). In this respect, Article V, Section 13 states: "The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a coordinate department of the government. . . ." IDAHO CONST. art. V, § 13.

This prohibition against the exercise of the judicial powers is not without qualification, however. *R.E.W. Constr. Co.*, 88 Idaho at 437, 400 P.2d at 397. In 1978, the legislature proposed and the people adopted an amendment to Article V, Section 13. *State v. Pena-Reyes*, 131 Idaho 656, 657, 962 P.2d 1040, 1041 (1998). It provides: "[T]he legislature can provide mandatory minimum sentences for any crimes, and any sentence imposed shall be not less than the mandatory minimum sentence so provided. Any mandatory minimum sentence so imposed shall not be reduced." IDAHO CONST. art. V, § 13; *see also* H.J. Res. No. 6, 1978 Idaho Sess. Laws 1032, 1032–33. This amendment grants the legislature the authority to impose a mandatory minimum sentence for any crime. In addition, "[t]his amendment effectively circumscribes the power of our courts to suspend a mandatory minimum sentence contained in a statute enacted pursuant to the authority of our constitution." *Pena-Reyes*, 131 Idaho at 657, 962 P.2d at 1041. In summary, this constitutional amendment provides a narrow exception for the legislature to exercise powers traditionally granted to the judicial branch: the legislature may encroach on the court's sentencing powers only with the enactment of an express mandatory minimum sentence pursuant to Article V, Section 13.

If the legislature chooses to exercise its authority granted by Article V, Section 13, the Court will critically review the statute to avoid an untenable encroachment on judicial power. We are "obligated to seek an interpretation of a statute that upholds its constitutionality." *In re Bermudes*, 141 Idaho 157, 159, 106 P.3d 1123, 1125 (2005).

> Whenever an act of the Legislature can be so construed and applied as to avoid conflict with the Constitution and give it the force of law, such construction will be adopted by the courts; and it is held by many courts that where there is room for two constructions of a statute, both equally obvious and equally reasonable, the court must, in deference to the Legislature of the state, assume that it did not overlook the provisions of the Constitution, and designed the act to take effect.

*Grice v. Clearwater Timber Co.*, 20 Idaho 70, 77, 117 P. 112, 114 (1911) (citation omitted) (internal quotation marks omitted). Thus, to maintain the separation of powers, we will narrowly construe a sentencing statute against an infringement on the judiciary's inherent sentencing authority. Any other method of construction could permit the legislature to exercise powers properly belonging to the judiciary without invoking the appropriate constitutional authority.

We are persuaded that an interpretation of Idaho Code section 18-8311(1) that imposes a mandatory minimum sentence improperly deprives the judiciary of its inherent sentencing powers. Under such an interpretation, Idaho Code section 18-8311(1) would impose a mandatory minimum sentence on Olivas's original crime—a crime for which a sentence has already been imposed under the court's discretionary sentencing authority. Thus, this interpretation of the statute retroactively reduces the court's sentencing authority for an offense with no mandatory minimum sentence. This is an untenable encroachment on the sentencing powers reserved to the judicial branch. Our Constitution does not grant the legislature the authority to remove the court's power to manage a sentence already imposed under a discretionary sentencing statute.

We hold that a statute must strictly comply with Article V, Section 13 to invoke the legislature's ability to restrain the court's inherent sentencing power. For example, in *State v. Sarabia*, 125 Idaho 815, 875 P.2d 227 (1994), a sentencing statute provided a minimum fixed term of imprisonment of five years, but then allowed for an exception to the otherwise mandatory minimum term. *Id.* at 817, 875 P.2d at 229.[1] The Court held that this "hybrid form" of mandatory minimum sentence was not "authorized" by Article V, Section 13 and therefore "unconstitutional, null, void, and unenforceable" for attempting to restrain the court's sentencing authority. *Id.* Because the hybrid sentence did "not fall within the specific limitation on inherent judicial power specified in the 1978 amendment to art. 5, § 13," the Court further held that "the trial courts are free to exercise their inherent power to impose the fixed term sentences they consider appropriate." *Id.* Similar to the sentencing statute in *Sarabia*, Idaho Code section 18-

---

[1] The statute at issue in *Sarabia* was Idaho Code section 37-2732B. In response to *Sarabia*, the legislature amended the statute to "no longer provide[ ] any means by which the mandatory sentences may be reduced." *State v. Puetz*, 129 Idaho 842, 843–44, 934 P.2d 15, 16–17 (1997).

8311(1) is also a "hybrid" statute in the sense that its interpretation as a mandatory minimum sentence reaches back and restrains the court's sentencing authority for a discretionary sentence already imposed and managed by the court. We conclude that Idaho Code section 18-8311(1) fails to impose a mandatory minimum sentence as contemplated by Article V, Section 13.

Therefore, we adopt the interpretation of Idaho Code section 18-8311(1) that does not restrict the court's authority to suspend the offender's original sentence. Absent the legislature's proper exercise of authority granted in Article V, Section 13, the courts retain their inherent power to suspend or reduce a sentence. *Sarabia*, 125 Idaho at 817, 875 P.2d at 229; *McCoy*, 94 Idaho at 240, 486 P.2d at 251. In this case, the district court appropriately used its discretion to sentence Olivas for his original offense and to set the penalty for his probation violation. The district court continued to have the discretion to manage Olivas's probation violation for his original offense after abiding by any directives in Idaho Code section 18-8311(1). "Once a probation violation has been proven . . . the decision of whether to revoke probation and impose a suspended sentence is within the sound discretion of the trial court." *State v. Blake*, 133 Idaho 237, 243, 985 P.2d 117, 123 (1999) (citing *State v. Knowlton*, 123 Idaho 916, 921, 854 P.2d 259, 264 (1993)); *see also State v. Rose*, 144 Idaho 762, 765, 171 P.3d 253, 256 (2007). The district court did not err by suspending Olivas's original sentence for sexual abuse of a child and placing him on probation after the second period of retained jurisdiction.

## VI. CONCLUSION

Olivas's judgment of conviction and sentence for sexual abuse of a child is affirmed.

Chief Justice BURDICK and Justice J. JONES CONCUR.

HORTON, J., dissenting.

I respectfully dissent. In my view, this case turns on statutory interpretation, rather than jealous protection of judicial prerogatives. The citizens of this State resolved the separation of powers question in 1978 when they ratified the amendment to Article V, section 13 of the Idaho Constitution to provide that "the legislature can provide mandatory minimum sentences for any crimes, and any sentence imposed shall be not less than the mandatory minimum sentence so provided. Any mandatory minimum sentence so imposed shall not be reduced." The question presented by this appeal is whether Idaho Code section 18-8311 reflects legislative intent to impose mandatory minimum sentences upon those who violate SORA.

8

A "sentence" is "[t]he judgment formally pronounced by the court or judge upon the defendant after his conviction in a criminal prosecution, imposing the punishment to be inflicted. Judgment formally declaring to accused legal consequences of guilt which he has confessed or of which he has been convicted." Black's Law Dictionary 1222 (5th ed.1979). As such, a sentence encompasses more than simply the period of incarceration in jail or prison that may be ordered as a consequence of a criminal conviction. Rather, it includes all consequences of the conviction, which would most commonly include such things as fines and license suspensions.

As it relates to persons required to register as sex offenders, beyond imprisonment and fines, Idaho Code section 18-8311(1) specifies an additional consequence of violating SORA: "If the offender is on probation or other supervised release or suspension from incarceration at the time of the violation [of SORA], the probation or supervised release or suspension shall be revoked and the penalty for violating this chapter shall be served consecutively to the offender's original sentence."

For probationers, this additional consequence of a conviction for a violation of SORA has two components: revocation of probation and the requirement that "the penalty for violating [SORA] shall be served consecutively to the offender's *original* sentence." (emphasis added).

Two statutes govern revocation of probation. Idaho Code section 19-2603 explains the effect of revocation of probation: "the original judgment shall be in full force and effect and may be executed according to law." Likewise, Idaho Code section 20-222(2)[2] provides that the effect of revocation is to "cause the sentence imposed to be executed." In addition to requiring that the

---

[2] At the time of Olivas' offense, Idaho Code section 20-222(2) provided:

> At any time during probation or suspension of sentence, the court may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the defendant to be arrested. Thereupon the court, after summary hearing may revoke the probation and suspension of sentence and cause the sentence imposed to be executed, or may cause the defendant to be brought before it and may continue or revoke the probation, or may impose any sentence which originally might have been imposed at the time of conviction.

1947 Idaho Sess. Laws ch. 53, § 22, p. 64. Last year, this subsection was amended to provide:

> At any time during probation or suspension of sentence, the court may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the defendant to be arrested. Thereupon the court, after summary hearing may revoke the probation and suspension of sentence and cause the sentence imposed to be executed, or may cause the defendant to be brought before it and may continue or revoke the probation, or may impose any sentence which originally might have been imposed at the time of conviction. In making a determination to continue or revoke probation and suspension of sentence, the court shall consider the defendant's risks and needs and options for treatment in the community.

2014 Idaho Sess. Laws ch. 150, § 11, p. 424. This amendment is not material to our analysis.

9

probation be revoked, with the result that the previously suspended sentence is placed into execution, Idaho Code section 18-8311(1) requires that the period of imprisonment for the new substantive offense be served consecutively to the previously suspended original sentence.

The use of the word "original" reflects that the sentencing court is without authority to modify the previously suspended sentence. Further, it is impossible to serve a period of incarceration consecutively to a suspended sentence of incarceration because–by its very nature– a suspended sentence of incarceration means that the defendant is not, and may never be, confined to serve his or her sentence. The only manner in which the express directive of the statute may be given effect is to order the previously suspended sentence into effect—without reduction or suspension.

For these reasons, I conclude that the Legislature's exercise of the power granted to it by the people of this state nearly forty years ago dictates the conclusion that the district court erred by retaining jurisdiction and subsequently suspending Olivas' sentence for sexual abuse of a child. Accordingly, I dissent.

Justice EISMANN, concurring in Justice Horton's dissent.

I concur in Justice Horton's dissent, but write simply to add the following.

Article V, § 13, of the Idaho Constitution provides in part that "[t]he legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a coordinate department of the government." "The Constitution of the State of Idaho does not specifically enumerate those powers reserved to this separate department of the government." *State v. McCoy*, 94 Idaho 236, 238, 486 P.2d 247, 249 (1971). "We have previously held that the powers reserved to the several departments of the government, but not specifically enumerated in the constitution, must be defined in the context of the common law." *State v. Branson*, 128 Idaho 790, 792, 919 P.2d 319, 321 (1996).

In *McCoy*, we held that the judiciary possessed inherent power to suspend a criminal sentence. *Id.* at 240, 486 P.2d at 251. In 1978, the legislature proposed and the people ratified an amendment to Article V, § 13, of the Idaho Constitution to provide "that the legislature can provide mandatory minimum sentences for any crimes, and any sentence imposed shall be not less than the mandatory minimum sentence so provided. Any mandatory minimum sentence so imposed shall not be reduced." *State v. Sarabia*, 125 Idaho 815, 817, 875 P.2d 227, 229 (1994). "This amendment effectively circumscribes the power of our courts to suspend a mandatory

minimum sentence contained in a statute enacted pursuant to the authority of our constitution." *State v. Pena-Reyes*, 131 Idaho 656, 657, 962 P.2d 1040, 1041 (1998).

Idaho Code section 18-8311(1) states:

> An offender subject to registration who knowingly fails to register, verify his address, or provide any information or notice as required by this chapter shall be guilty of a felony and shall be punished by imprisonment in the state prison system for a period not to exceed ten (10) years and by a fine not to exceed five thousand dollars ($5,000). If the offender is on probation or other supervised release or suspension from incarceration at the time of the violation, the probation or supervised release or suspension shall be revoked and the penalty for violating this chapter shall be served consecutively to the offender's original sentence.

The statute sets forth the penalty for "[a]n offender subject to registration who knowingly fails to register, verify his address, or provide any information or notice as required by [chapter 83 of Title 18]." I.C. § 18-8311(1). The penalty for such crime is "imprisonment in the state prison system for a period not to exceed ten (10) years and by a fine not to exceed five thousand dollars ($5,000)" and any "probation or other supervised release or suspension from incarceration" that the offender is serving at the time of the violation "shall be revoked and the penalty for violating this chapter shall be served consecutively to the offender's original sentence." The issue is whether the latter part of the sentence is a mandatory minimum sentence. If it is, then it does not in any way infringe upon the inherent power of the judiciary and the district court did not have the power to impose a lesser sentence.

The portion of Idaho Code section 18-8311(1) at issue states that "the probation or supervised release or suspension shall be revoked and the penalty for violating this chapter shall be served consecutively to the offender's original sentence." The first part of this provision states that "the probation or supervised release or suspension *shall* be revoked." I.C. § 18-8311(1) (emphasis added.) This provision is certainly mandatory. The current probation must be revoked. The word "shall" is mandatory. *State v. Peregrina*, 151 Idaho 538, 540, 261 P.3d 815, 817 (2011); *State v. Tribe*, 123 Idaho 721, 723, 852 P.2d 87, 89 (1993).

In this case, the district court did revoke Olivas's probation. However, the district court violated the latter part of this provision. It states that the sentence imposed "*shall* be served consecutively to the offender's *original* sentence." I.C. § 18-8311 (emphases added). Again, the word "shall" is mandatory. The sentence for the current offense must be "served consecutively to the offender's original sentence." In context, the original sentence would be the sentence that was suspended when Olivas was placed on probation, which in this case was ten years in the

custody of the Idaho Board of Correction with five years fixed and the remainder indeterminate. Once the probation is revoked, that could be the only sentence that could be served.

Idaho Code section 20-222(2) states:

At any time during probation or suspension of sentence, the court may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the defendant to be arrested. Thereupon the court, after summary hearing may revoke the probation and suspension of sentence and cause the sentence imposed to be executed, or may cause the defendant to be brought before it and may continue or revoke the probation, or may impose any sentence which originally might have been imposed at the time of conviction. In making a determination to continue or revoke probation and suspension of sentence, the court shall consider the defendant's risks and needs and options for treatment in the community.

Under this statute, upon revoking probation a court cannot impose "any sentence which originally might have been imposed at the time of conviction." *State v. Pedraza*, 101 Idaho 440, 442, 614 P.2d 980, 982 (1980). Rather, the court must impose the sentence that was suspended. As we stated in *Pedraza*:

We are convinced that the portion of the statute which permits a court to "impose any sentence which originally might have been imposed at the time of conviction" refers only to a revocation of probation following a withheld judgment, while the portion which permits the original "sentence imposed to be executed" refers to a revocation of probation following a suspension of the execution of judgment and sentence.

*Id.*

The only way in which the sentence imposed for the current crime could "be served consecutively to the offender's original sentence" would be for the offender to actually serve his or her original sentence. In this case, Olivas is not serving his original sentence. The district court violated Idaho Code section 18-8311(1) by modifying Olivas's original sentence. The district court did not have the inherent power to modify Olivas's original sentence to retain jurisdiction. The power to retain jurisdiction is statutory. I.C. § 19-2601(4). That statute limits the court's subject matter jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 163, 244 P.3d 1244, 1249 (2010). Thus, a court could not grant a consecutive period of retained jurisdiction where the statute required an intervening period of probation. *Id*. at 162, 244 P.3d at 1248. Likewise, a court can retain jurisdiction only for the duration of the time period set forth in the statute. *State v. Taylor*, 142 Idaho 30, 31-32, 121 P.3d 961, 962-63 (2005).

12

The majority states that in *State v. Sarabia*, 125 Idaho 815, 875 P.2d 227 (1994), this Court "held that this 'hybrid form' of a mandatory minimum sentence was not 'authorized' by Article V, Section 13" and that the present case is "[s]imilar to the sentencing statute in *Sarabia*. There is absolutely no similarity between the two statutes. The issue in *Sarabia* was whether fixed term sentences for drug trafficking were mandatory minimum sentences under the 1978 constitutional amendment where a sentencing court was statutorily permitted to reduce or suspend a fixed term sentence upon the motion of the prosecuting attorney if the court found that the defendant had provided "substantial assistance in the identification, arrest and prosecution of any of [the person's] accomplices, accessories, coconspirators, principals, sources of supply, or of any other person involved in dealing in a controlled substance in violation of the provisions of this section or section 37-2732, Idaho Code." *Sarabia,* 125 Idaho at 817, 875 P.2d at 229. Thus, in *Sarabia* the sentencing court could sentence below the mandatory minimum upon motion of the prosecuting attorney. In holding that the statute was not authorized by the 1978 constitutional amendment, we stated:

> Because of the provisions of I.C. § 37-2732B(a)(8), the fixed term sentences contained in the drug trafficking statute are not mandatory minimum sentences authorized in the 1978 amendment to art. 5, § 13 of the Idaho Constitution. Art. 5, § 13, as amended, states: "Any mandatory minimum sentence so imposed shall not be reduced." I.C. § 37-2732B(a)(8) allows the judge hearing the state's motion to reduce or suspend a fixed term sentence provided elsewhere in the drug trafficking statute, if the judge finds that the defendant has rendered substantial assistance. This hybrid form of fixed term sentence is not authorized by art. 5, § 13, and is, therefore, unconstitutional, null, void, and unenforceable under *McCoy*.

*Id*. The statute at issue in *Sarabia* has absolutely no similarity to the statute at issue in this case. After the legislature responded by deleting the statutory provision permitting a court to suspend or reduce the fixed term sentences, we held that the fixed term sentences were constitutional because "[t]he current statute no longer provides any means by which the mandatory sentences may be reduced." *State v. Puetz,* 129 Idaho 842, 844, 934 P.2d 15, 17 (1997). The statute at issue here does not provide any means by which the mandatory sentence can be reduced. That is what this Court meant by "hybrid" in *Sarabia*. Although the majority calls the statute at issue here a "hybrid" statute, it does not provide any means by which the mandatory sentence can be reduced. Only the majority's decision does so.

With the 1978 amendment to Article V, § 13, of the Idaho Constitution, the legislature has the constitutional authority to specify a mandatory minimum sentence. It did so in Idaho Code section 18-8311(1). This Court has no –legitimate authority to ignore that mandatory sentence.

The majority also seeks to distinguish this case from *State v. Pena-Reyes* on the ground that section 18-8311(1) would impact a sentence already imposed, not one that was to be imposed. That is a distinction without a difference. The majority does not point to any language in Article V, section 13, that would support that distinction. There is no language in the constitutional amendment providing that a mandatory minimum sentence cannot include revocation of probation in a prior case.