Justice EISMANN,
concurring in Justice HORTON’s dissent.
I concur in Justice Horton’s dissent, but write simply to add the following.
Article V, § 13, of the Idaho Constitution provides in part that “[t]he legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a coordinate department of the government.” “The Constitution of the State of Idaho does not specifically enumerate those powers reserved to this separate department of the government.” State v. McCoy, 94 Idaho 236, 238, 486 P.2d 247, 249 (1971). “We have previously held that the powers reserved to the several departments of the government, but not specifically enumerated in the constitution, must be defined in the context of the common law.” State v. Branson, 128 Idaho 790, 792, 919 P.2d 319, 321 (1996).
In McCoy, we held that the judiciary possessed inherent power to suspend a criminal sentence. Id. at 240, 486 P.2d at 251. In 1978, the legislature proposed and the people ratified an amendment to Article V, § 13, of the Idaho Constitution to provide “that the legislature can provide mandatory minimum sentences for any crimes, and any sentence imposed shall be not less than the mandatory minimum sentence so provided. Any mandatory minimum sentence so imposed shall not be reduced.” State v. Sarabia, 125 Idaho 815, 817, 875 P.2d 227, 229 (1994). “This amendment effectively circumscribes the power of our courts to suspend a mandatory minimum sentence contained in a statute enacted pursuant to the authority of our constitution.” State v. Pena-Reyes, 131 Idaho 656, 657, 962 P.2d 1040, 1041 (1998).
Idaho Code section 18-8311(1) states:
An offender subject to registration who knowingly fails to register, verify his address, or provide any information or notice as required by this chapter shall be guilty of a felony and shall be punished by imprisonment in the state prison system for a period not to exceed ten (10) years and by a fine not to exceed five thousand dollars ($5,000). If the offender is on probation or other supervised release or suspension from incarceration at the time of the violation, the probation or supervised release or suspension shall be revoked and the penalty for violating this chapter shall be served consecutively to the offender’s original sentence.
The statute sets forth the penalty for “[a]n offender subject to registration who knowingly fails to register, verify his address, or provide any information or notice as required by [chapter 83 of Title 18].” I.C. § 18-8311(1). The penalty for such crime is “imprisonment in the state prison system for a period not to exceed ten (10) years and by a fine not to exceed five thousand dollars ($5,000)” and any “probation or other supervised release or suspension from incarceration” that the offender is serving at the time of the violation “shall be revoked and the penalty for violating this chapter shall be served consecutively to the offender’s original sentence.” The issue is whether the latter part of the sentence is a mandatory minimum sentence. If it is, then it does not in any way infringe upon the inherent power of the judiciary and the district court did not have the power to impose a lesser sentence.
The portion of Idaho Code section 18-8311(1) at issue states that “the probation or supervised release or suspension shall be revoked and the penalty for violating this chapter shall be served consecutively to the offender’s original sentence.” The first part of this provision states that “the probation or supervised release or suspension shall be revoked.” I.C. § 18-8311(1) (emphasis added.) This provision is certainly mandatory. The current probation must be revoked. The word “shall” is mandatory. State v. Peregrina, 151 Idaho 538, 540, 261 P.3d 815, 817 (2011); State v. Tribe, 123 Idaho 721, 723, 852 P.2d 87, 89 (1993).
*384 In this case, the district court did revoke Olivas’s probation. However, the district court violated the latter part of this provision. It states that the sentence imposed “shall be served consecutively to the offender’s original sentence.” I.C. § 18-8311 (emphases added). Again, the word “shall” is mandatory. The sentence for the current offense must be “served consecutively to the offender’s original sentence.” In context, the original sentence would be the sentence that was suspended when Olivas was placed on probation, which in this case was ten years in the custody of the Idaho Board of Correction with five years fixed and the remainder indeterminate. Once the probation is revoked, that could be the only sentence that could be served.
Idaho Code section 20-222(2) states:
At any time during probation or suspension of sentence, the court may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the defendant to be arrested. Thereupon the court, after summary hearing may revoke the probation and suspension of sentence and cause the sentence imposed to be executed, or may cause the defendant to be brought before it and may continue or revoke the probation, or may impose any sentence which originally might have been imposed at the time of conviction. In making a determination to continue or revoke probation and suspension of sentence, the court shall consider the defendant’s risks and needs and options for treatment in the community.
Under this statute, upon revoking probation a court cannot impose “any sentence which originally might have been imposed at the time of conviction.” State v. Pedraza, 101 Idaho 440, 442, 614 P.2d 980, 982 (1980). Rather, the court must impose the sentence that was suspended. As we stated in Pedraza:
We are convinced that the portion of the statute which permits a court to “impose any sentence which originally might have been imposed at the time of conviction” refers only to a revocation of probation following a withheld judgment, while the portion which permits the original “sentence imposed to be executed” refers to a revocation of probation following a suspension of the execution of judgment and sentence.

Id.

The only way in which the sentence imposed for the current crime could “be served consecutively to the offender’s original sentence” would be for the offender to actually serve his or her original sentence. In this case, Olivas is not serving his original sentence. The district court violated Idaho Code section 18-8311(1) by modifying Olivas’s original sentence. The district court did not have the inherent power to modify Olivas’s original sentence to retain jurisdiction. The power to retain jurisdiction is statutory. I.C. § 19-2601(4). That statute limits the court’s subject matter jurisdiction. State v. Urrabazo, 150 Idaho 158, 163, 244 P.3d 1244, 1249 (2010). Thus, a court could not grant a consecutive period of retained jurisdiction where the statute required an intervening period of probation. Id. at 162, 244 P.3d at 1248. Likewise, a court can retain jurisdiction only for the duration of the time period set forth in the statute. State v. Taylor, 142 Idaho 30, 31-32, 121 P.3d 961, 962-63 (2005).
The majority states that in State v. Sarabia, 125 Idaho 815, 875 P.2d 227 (1994), this Court “held that this ‘hybrid form’ of a mandatory minimum sentence was not ‘authorized’ by Article V, Section 13” and that the present case is “[sjimilar to the sentencing statute in Sarabia. There is absolutely no similarity between the two statutes. The issue in Sarabia was whether fixed term sentences for drug trafficking were mandatory minimum sentences under the 1978 constitutional amendment where a sentencing court was statutorily permitted to reduce or suspend a fixed term sentence upon the motion of the prosecuting attorney if the court found that the defendant had provided “substantial assistance in the identification, arrest and prosecution of any of [the person’s] accomplices, accessories, coconspirators, principals, sources of supply, or of any other person involved in dealing in a controlled substance in violation of the provisions of this section or section 37-2732, Idaho Code.” *385 Sarabia, 125 Idaho at 817, 875 P.2d at 229. Thus, in Sarabia the sentencing court could sentence below the mandatory minimum upon motion of the prosecuting attorney. In holding that the statute was not authorized by the 1978 constitutional amendment, we stated:
Because of the provisions of I.C. § 37-2732B(a)(8), the fixed term sentences contained in the drug trafficking statute are not mandatory minimum sentences authorized in the 1978 amendment to art. 5, § 13 of the Idaho Constitution. Art. 5, § 13, as amended, states: “Any mandatory minimum sentence so imposed shall not be reduced.” I.C. § 37-2732B(a)(8) allows the judge hearing the state’s motion to reduce or suspend a fixed term sentence provided elsewhere in the drug trafficking statute, if the judge finds that the defendant has rendered substantial assistance. This hybrid form of fixed term sentence is not authorized by art. 5, § 13, and is, therefore, unconstitutional, null, void, and unenforceable under McCoy.
Id. The statute at issue in Sarabia has absolutely no similarity to the statute at issue in this case. After the legislature responded by deleting the statutory provision permitting a court to suspend or reduce the fixed term sentences, we held that the fixed term sentences were constitutional because “[t]he current statute no longer provides any means by which the mandatory sentences may be reduced.” State v. Puetz, 129 Idaho 842, 844, 934 P.2d 15, 17 (1997). The statute at issue here does not provide any means by which the mandatory sentence can be reduced. That is what this Court meant by “hybrid” in Sarabia. Although the majority calls the statute at issue here a “hybrid” statute, it does not provide any means by which the mandatory sentence can be reduced. Only the majority’s decision does so.
With the 1978 amendment to Article V, § 13, of the Idaho Constitution, the legislature has the constitutional authority to specify a mandatory minimum sentence. It did so in Idaho Code section 18-8311(1). This Court has no — legitimate authority to ignore that mandatory sentence.
The majority also seeks to distinguish this case from State v. Pena-Reyes on the ground that section 18-8311(1) would impact a sentence already imposed, not one that was to be imposed. That is a distinction without a difference. The majority does not point to any language in Article V, section 13, that would support that distinction. There is no language in the constitutional amendment providing that a mandatory minimum sentence cannot include revocation of probation in a prior case.